In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-1262

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THERESA PHILLIPS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:03-cr-01063-1—**Blanche M. Manning**, *Judge.*

ARGUED FEBRUARY 8, 2010—DECIDED FEBRUARY 25, 2010

Before BAUER, EVANS and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* Theresa Phillips appeals her conviction for defrauding the Medicare program, in violation of 18 U.S.C. §§ 2 and 1347. She claims that the district court erred by admitting a redacted audio recording of her conversation with undercover investigators after the government failed to provide her an unredacted version. She further claims that the district court erred by admitting evidence related to certain

documents produced so close to trial that her attorney had no meaningful opportunity to examine them. We have reviewed the district court's evidentiary rulings. Finding no error, we affirm.

## I. BACKGROUND

Theresa Phillips and her company, Health Care Creations, defrauded the Medicare program by billing it for services that were not actually performed, were not medically necessary, and were provided by an unlicensed therapist instead of by a doctor as claimed.

One piece of evidence admitted against Phillips at trial was a redacted audio recording and transcript of undercover investigators asking Phillips whether "you" participate in various aspects of Medicare billing. Supp. R. at 11-14. Phillips contends that she responded affirmatively to these questions addressed to "you" on behalf of her company—not herself personally—and that this might have been evident had the jury heard portions of the audio recording that were redacted, although she is unsure because she never received an unredacted version, or so she claims. The government has always contended that the redacted portions consisted solely of irrelevancies, such as silent airtime, and it argues on appeal that it provided Phillips with the complete, unredacted version well before trial.

The district court admitted a mountain of other evidence against Phillips, a small fraction of which included both certain documents produced soon before

trial and testimony from witnesses described in those documents. These later-produced documents consisted of trial exhibits, proposed jury instructions, an interview, a transcript of testimony at the pre-indictment forfeiture hearing, letters to counsel regarding evidence and a witness, and finally "search warrant stuff"—an ambiguous phrase which neither party has attempted to decipher for us. R. 181 ¶ 12. Phillips moved to exclude these documents, and testimony from any "witnesses with respect thereto." *Id.* at ¶ 13. The district court responded by asking Phillips' attorney if he wanted additional time to review the materials. He replied that one week would be sufficient "to review and properly digest everything. . . . Just one week, if at all possible. We don't want a long period of time." Tr. of April 2, 2007. The district court granted the requested continuance.

A jury found Phillips guilty and the district court sentenced her to fifty-one months in prison. Phillips limits her appeal to the district court's admission into evidence of the redacted audio recording and the evidence related to the later-produced documents.

## II. DISCUSSION

### A. Redacted Audio Recording

We begin by deciding the proper standards for addressing Phillips' claims of error regarding the redacted audio recording. We review a district court's evidentiary rulings for an abuse of discretion when the appellant's claim of error is preserved, *see Gen. Elec. Co. v. Joiner*,

522 U.S. 136, 141 (1997); *United States v. Gajo*, 390 F.3d 922, 926 (7th Cir. 2002), and for plain error when it is forfeited. *See* Fed. R. Evid. 103(d); Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-36 (1993).

Phillips forfeited her claim that the district court erred in denying her pretrial motion to exclude the redacted recording without having reviewed the complete version first, and thus we review this claim for plain error. Phillips moved to exclude the redacted recording on grounds that it was redacted, R. 168 at 9, but she provided no argument asking the district court to review the complete version before making its ruling. Only on appeal does Phillips argue that a district court must review a complete recording before admitting a redacted version into evidence. Appellant's Br. at 16-17. Nor can we say that Phillips' specific ground of objection, requiring the district court to review the complete recording in its entirety, was "apparent from the context" of her objection, Fed. R. Evid. 103(a)(1), especially since she points to no precedent requiring a district court to perform the sua sponte labor-intensive review she now requests. Some trial courts have indeed reviewed complete recordings or transcripts before admitting them into evidence. *See United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994). But nothing requires a trial court to do so, unless a party objects to a problem with the recording or transcript, such as it being inaudible, *id.* at 1024; *United States v. Bryant*, 480 F.2d 785, 789 (2d Cir. 1973), or inaccurate, *United States v. Chiarizio*, 525 F.2d 289, 293 (2d Cir. 1975); *Bryant*, 480 F.2d at 789.

So we review the district court's denial of Phillips' motion to exclude the redacted recording for plain error. Under this standard, we will reverse only if Phillips shows that (1) the district court plainly erred in denying her motion to exclude the evidence; and (2) the error likely changed the trial's outcome. *Olano*, 507 U.S. at 735; *United States v. Curtis*, 280 F.3d 798, 801 (7th Cir. 2002). We find that Phillips has met neither burden.

First, Phillips cannot show that the evidence plainly should have been excluded. As we have said, nothing requires a district court to review a complete recording before admitting a redacted version into evidence, unless a party objects to a problem with the recording that requires the district court to review it in order to referee the dispute. Moreover, even if a redacted recording tells an incomplete story, this renders the recording incomplete, not inadmissible—the proper remedy would be to supplement the incomplete recording, *see* Fed. R. Evid. 106, not exclude it.

And in any event, the redacted recording is complete on its face. Phillips argues that the recording is incomplete because it sheds no light on whether Phillips inculpated herself personally, or her company, in response to questions asking whether "you" perform billing operations. But the recording is clear that Phillips inculpated herself personally, as the following excerpt reveals:

O'Dea:   Okay, and then you mentioned about five years ago you learned how to perform billing . . .

Phillips: Right.

O'Dea:      . . . so you've been doing that on your own ever since?

Phillips: Yeah.

O'Dea:      Okay. That's a lot of work because you're managing the therapist and . . .

Phillips: Yeah.

O'Dea:      . . . submitting the bills.

Phillips:  Aw yeah, and I'm a workaholic.

Supp. R. at 13-14. It stretches credulity to think that Phillips' company, not herself personally, had "learned how to perform billing" or was a "workaholic." *Id.; see also id.* at 11 (Phillips explaining how she taught herself which billing codes to select). So it is no wonder that Phillips—who participated in the conversation including any portions that may have been redacted—finds the existence of redacted exculpatory statements "speculative." Appellant's Br. at 18.

In sum, the evidence was highly relevant, complete on its face, and not excludable simply because Phillips now wishes the district court would have performed a reviewing function it had no impetus to perform. So Phillips can show no plain error in denying her motion to exclude.

Nor can Phillips show that the recording's admission likely changed the trial's outcome. Even without the recording, the jury still would have heard other evidence the government produced establishing Phillips' knowledge and active involvement in the fraud, including evidence showing that Phillips owned Health Care Cre-

ations, hired and assigned its doctor and therapists, directed a therapist to file false reports about patients not seen, ran operations, and benefitted from the monies acquired by the fraud. And the investigators on the recording still could have testified to their conversations. In any event, Phillips made no effort in her appellate briefs to show that the recording's admission prejudiced her, and we decline to make her arguments for her. *See Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties.").

So much for the district court's denial of Phillips' pretrial motion to exclude. Phillips also appeals the district court's subsequent admission of the redacted recording, "when the government did not even produce or bring a full copy of the conversation to trial, as it promised the District Court it would." Appellant's Br. at 2. *See also* R. 178 at 2 (district court's denial of Phillips' motion to exclude, assuming the government would "have the complete recordings and transcripts available to the defense at trial"). *But see, e.g.,* Appellee's Br. at 20 n.12 (asserting that Phillips' "trial counsel had a copy of the unredacted undercover recording"). Phillips forfeited this claim, that the district court erroneously admitted the redacted recording at trial when the complete recording was never made available to her, because she never objected at trial to its admission.

Phillips cannot avoid forfeiture by relying on her prior motion to exclude the redacted version. Ordinarily, "a party need not renew an objection . . . to preserve a claim

of error for appeal.*" Wipf v. Kowalski*, 519 F.3d 380, 385 (7th Cir. 2008) (quoting Fed. R. Evid. 103(a)). But we must conduct our review of evidentiary rulings "in light of the facts and circumstances before the trial court at the time of the ruling. If the relevant facts and circumstances change materially after an advance ruling has been made, those facts and circumstances cannot be relied upon on appeal unless they have been brought to the attention of the trial court by way of a renewed, and timely, objection." Fed. R. Evid. 103, Advisory Comm. Notes, 2000 Amendment.

Phillips was required to alert the trial court that the government had not provided her the complete recordings, in order to preserve her objection to the admission of the redacted version on the grounds that the complete version was unavailable. Having failed to do so, the circumstance of the government failing to provide an unredacted version "cannot be relied upon on appeal." *Id.*; *see also Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999) (en banc) ("Only arguments that were actually presented to the district court before trial are preserved for appeal."). To hold otherwise would be to "indulge in review by hindsight"—clouded as to whether Phillips actually had access to the complete recordings precisely because she never raised the issue at trial—rather than to evaluate the trial court's decision to admit the evidence from its own perspective. *Old Chief v. United States*, 519 U.S. 172, 182 n.6 (1997).

So we are left to assess the district court's admission of the redacted recording at trial for plain error. Again,

we will reverse only if Phillips shows that (1) the district court plainly erred in admitting the evidence; and (2) the error likely changed the trial's outcome. *Olano*, 507 U.S. at 735; *Curtis*, 280 F.3d at 801. Again, Phillips has met neither burden.

Phillips cannot show that the district court plainly erred in admitting the evidence at trial. She argues that if the unproduced redacted portions contained exculpatory statements, "this would amount to a violation under *Brady v. Maryland*, 373 U.S. 83 (1963)." Appellant's Br. at 17-18. But even though producing the complete recording would have subverted a *Brady* violation by alerting Phillips to any exculpatory statements, Phillips cannot rely on the non-production of the complete recording, as we have said. Even if she could, there was no *Brady* violation because Phillips was a party to the recorded conversation and would have been aware of any exculpatory statements made. *See, e.g., United States v. Mahalick*, 498 F.3d 475, 478-79 (7th Cir. 2007). In sum, there was no error when admitting the redacted recording in failing to consider redacted exculpatory statements, because Phillips had the burden of pointing them out and she still hasn't done so.

Phillips also argues that admitting the redacted recording burdened her with testifying to any redacted exculpatory statements in violation of her Fifth Amendment right to avoid self-incrimination. But Phillips need not have taken the stand to provide any exculpatory statements. All she had to do was identify them from the complete recording and have those portions intro-

duced via Federal Rule of Evidence 106—as unlikely as this might have been, for as we revealed, the redacted portion inculpated her personally.

And again, even without the recording, it is unlikely that the trial's outcome would have been different, given the plethora of other evidence against Phillips.

### B.  Later-Produced Documents

At last we come to Phillips' final argument that the government sandbagged her in the production of certain evidence, and that the district court therefore erred in admitting it. Phillips intentionally relinquished her right to challenge inundation with untimely produced documents when she instructed the district court that one week would be time enough to review them, and so we do not review the court's decision to admit these later-produced documents for plain or any other type of error. *Olano*, 507 U.S. at 733; *United States v. Hamilton*, 499 F.3d 734, 735 (7th Cir. 2007). Given Phillips' waiver, we need not address the government's alternative arguments that the later-produced documents were few, provided little to no new information, were produced later for legitimate reasons, and were easy to digest in the additional week Phillips was provided.

### III.  CONCLUSION

Phillips' claims of error in the trial resulting in her conviction for healthcare fraud were never raised in the

district court and are unpersuasive here. Therefore, we AFFIRM.