No. 3-09-0367

Opinion filed February 4, 2011

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court For the 9th Judicial Circuit McDonough County, Illinois |
| Plaintiff-Appellee, | ) ) | No. 08-CF-184 |
| v. | ) ) | Honorable John Clerkin, |
| BOBBY BRADLEY, | ) ) | Judge, Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Schmidt and Wright concurred in the judgment and opinion.

**OPINION**

Following a jury trial, defendant Bobby Bradley was found guilty of two counts of unlawful delivery of a controlled substance. 720 ILCS 570/401(c)(2) (West 2006). He was sentenced to two concurrent 12-year terms of incarceration. As part of the evidence at trial and over the repeated foundation objections of the defense, the State introduced an audio recording of a drug transaction involving Bradley. The recording was made pursuant to an overhear order granted to the law enforcement officials investigating Bradley. On appeal, Bradley asserts the audio recording was admitted in error because it did not comply with the statutory requirements governing eavesdropping (725 ILCS 5/108A-7(a), (b), 108-8(a) (West 2006)). Giving due deference to the trial court's

findings of fact, we find that in this case sufficient procedural safeguards were taken to bring the State's overhear evidence into compliance with the statute. We affirm the trial court.

## BACKGROUND

On September 4, 2008, prior to the commencement on January 20, 2009, of defendant Bobby Bradley's jury trial on two counts of the unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2006)), the State tendered to Bradley notice that "[a] court authorized recording device was utilized during controlled purchases involving [another subject] and the Defendant." On January 7, 2009, the same date he filed several motions *in limine*, Bradley filed a motion to compel production of discovery, including copies of any complaints and orders for overhears. In response, on January 8, 2009, the State provided to Bradley copies of the overhear application and orders, and disk copies of the audio transmissions of overhears conducted on July 19 and July 29, 2009.

At trial, Officer Eric Lenardt of the Macomb police department testified that on July 29, 2008, a "controlled" drug transaction was recorded through the participation of a confidential informant who was equipped with a microphone in her purse. Through the microphone Lenardt was able to hear the informant transact with the defendant. The audio was simultaneously recorded on a recording device. Lenardt identified the State's exhibit 8A as the "original of the recording," the compact disk, that was made on July 29, 2008. Lenardt identified the State's exhibit 8B, another disk recording, as a "condensed version" of exhibit 8A. Lenardt explained that exhibit 8B was altered to eliminate approximately 40 minutes during which "nothing [was] occurring," the parties were "apparently sitting and watching *** television." Lenardt identified the State's exhibit 8C as a timeline of the entire recording, including the deleted portions and what the deleted portions "might have been." Bradley objected to the admission of the State's exhibits 8A and 8B on the basis of foundation. The

2

trial court sustained the objection "at this point." Exhibit 8C was admitted without objection.

In response to further questioning and further defense objections to foundation and chain of custody, Lenardt explained how the disk of the eavesdrop recording was obtained. The eavesdropping device consists of two components. One component, the transcorder, accompanies the conversation participant and one component stays with a listener, in this case Lenardt. Both components of the device record the audio data. The listening component, the one that stayed with Lenardt, digitally records the conversation on a "compact flash disk" as a backup for any failure of the transcorder to record. After the overhear, the transcorder is plugged into a computer that is programmed with software related to the eavesdropping device. The recording is downloaded to a computer file. Downloading the data to a computer is the only way the recording can be played. The data from the computer is burned to a disk and the disk is used to make further copies. Recording the data to a disk is the only way to provide a copy for the court proceedings. The original disk and all of the copies are retained in evidence. The data is not maintained on the original recording device or on the flash drive because of limited data memory. For purposes of space and security, the data is also deleted from the computer once it is downloaded to the disk.

Lenardt testified that in the instant case he had monitored the overhear and the disk produced from the listening device was a true and accurate copy of what he heard and was an exact copy of the data downloaded to the computer. The data on the recording device cannot be altered. The data on the device cannot be rewound or played; the recording device is strictly for recording. The recording device was turned on throughout the time the confidential informant met with Bradley. Everything that was recorded in the encounter with the defendant was copied to the original disk, including Lenardt's preamble and postamble. All copies of the disk were subsequently sealed and kept in the

3

evidence room. The "Order of Review and Retention of Use of Eavesdropping Device" (hereinafter, Order of Review) was also sealed. The copy of the recording that was edited for empty time was also filtered for background noise. Lenardt trained himself to use the overhear device using the manufacturer's manual. Lenardt admitted the overhear order required the preservation of the recording. Lenardt also agreed the data was deleted from the recording device and the computer before the trial court that issued the overhear order listened to the recording from the disk. The recording the issuing court subsequently listened to was not exhibit 8A, but rather an exact copy of exhibit 8A. Bradley continued to object to the admission of the State's exhibits. Bradley objected that the evidence produced by the State was "a copy of a copy" of the original overhear and that the original had been destroyed. Bradley also asserted that the failure of the police to preserve the flash disk of the recording device violated the overhear order.

The trial court overruled the defense's "best evidence" objection, finding the recorded data was not deleted with the intention to defraud because Lenardt believed he retained a true and accurate copy of the recording. The trial court discussed the Order of Review issued by the trial court that issued the original overhear order. The trial court noted the Order of Review, dated January 15, 2009, stated that after reviewing the recording, the trial court found the recording was within the boundaries of the overhear order and that the trial court directed the recording be sealed and maintained under the custody of Lenardt until further order. The Order of Review further provided that the recording was not to be destroyed for at least 10 years. The trial court in the instant case found the police had substantially complied with the Order of Review.

Following further evidence, which included testimony from the confidential informant, the State renewed its request to admit exhibits 8A and 8B and the defense continued its foundation

4

objection to the introduction of the exhibits. The defense agreed that if the trial court allowed the introduction of the evidence, exhibit 8B, the edited version of the audio recording, would be the only necessary version to be presented for listening to the trial court and the jury. Thereafter, the State offered only exhibit 8B. Outside the presence of the jury, the trial court listened to the recording as played from exhibit 8B while Lenardt identified the relevant speakers. The trial court found that any question as to whether Lenardt correctly identified the speakers went to the weight and not the admissibility of the recording. Bradley's foundation objection was overruled and exhibit 8B was admitted into evidence and played for the jury.

The jury found Bradley guilty. He filed a posttrial motion requesting a new trial, in part because, as argued by the defense, the audio recording was admitted "without adequate foundation and in violation of 725 ILCS 5/108 A-7." Asserting he was not objecting to the editing of the recording, Bradley argued the foundation offered by the State was not adequate to admit a copy of a copy to be substituted for the original recording. Referring to "725 ILCS 5/108(a)(1) et sequitur," as the relevant statute, the trial court found the eavesdropping device used by the police had been approved by another judge and it was authorized and used by the police substantially according to law. The trial court further found substantial compliance in that the recording was done with a device capable of taking testimony or "hearing," that it was made at the hands of a competent operator, and that it was authentic and correct. The trial court found there were no changes, additions or deletions to the recording, that it had been properly preserved and the speakers, who were identified, had spoken voluntarily and freely. The trial court also considered the destruction of the original recording had been explained in "excruciating" detail and to the trial court's satisfaction. The trial court denied Bradley's motion for a new trial and he follows with this appeal.

ANALYSIS

On appeal, Bradley asserts the trial court erred as a matter of law in admitting the overhear recording into evidence where the statutory requirements of article 108A of the Code of Criminal Procedure of 1963 (Code) were not satisfied. 725 ILCS 5/108A-7(a), (b), 108A-8(a) (West 2006). Bradley also asserts a lack of compliance with the overhear order. The State's first response to Bradley's argument is that he has waived any argument regarding a violation of the Code because he did not file a pretrial motion to suppress as required by section 108A-9 of the Code. 725 ILCS 5/108A-9 (West 2006). Under section 108A-9(a) of the Code, "[a]ny aggrieved person in any judicial or administrative proceeding may move to suppress the contents of any recorded conversation or evidence derived therefrom [on specified grounds]." 725 ILCS 5/108A-9(a) (West 2006). Section 108A-9 further states that "[s]uch a motion shall be made before the proceeding unless there was no previous opportunity for such motion." 725 ILCS 5/108A-9(b) (West 2006). To support its waiver argument, the State relies on *People v. O'Dell*, 84 Ill. App. 3d 359, 365 (1980), a case in which the court relied on section 108A-9 of the Code to find the defendant had waived the issue of the suppression of the petition for an overhear order because the defendant had known of defects in the petition for seven months prior to trial and yet did not raise the issue until the trial was in progress. *O'Dell*, 84 Ill. App. 3d at 365. The *O'Dell* court characterized the defendant's delay as "unnecessary." *O'Dell*, 84 Ill. App. 3d at 365.

Under the circumstances in the instant case, we agree with Bradley that the holding in *O'Dell* does not dictate that we find he has waived the issue of the suppression of the eavesdropping evidence. In the instant case, with respect to the eavesdropping evidence, the State responded to the trial court's discovery order with a notice on September 4, 2008, indicating "[a] court authorized

6

recording device was utilized during controlled purchases involving [another subject] and the Defendant." It was not until Bradley filed a motion to compel discovery on January 7, 2009, that the State turned over any documents related to and the contents of the eavesdropping recordings. The completion of this discovery occurred twelve days prior to trial and after Bradley had filed his motions *in limine* related to this case. Under these circumstances we consider Bradley did not waive his right to raise the issue of the eavesdropping evidence by failing to file a motion to suppress prior to trial.

The State also argues that Bradley has forfeited the issue of the violation of the Code because he did not both object on the basis of the statute at trial and include the error in a posttrial motion. The presence of both a trial objection and a written posttrial motion raising the issue are necessary to preserve an issue for review. *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988). In this case, the State specifically argues Bradley failed to object to the overhear evidence at trial on the basis of a violation of the Code. The rationale underlying the need for a trial objection to preserve an issue for review is based upon the need for timely resolution at trial of evidentiary questions. *People v. Linus*, 48 Ill. 2d 349, 355 (1971). "The salutary consequence of the waiver rule is that [a] party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial." (Internal quotation marks omitted.) *Linus*, 48 Ill.2d at 355 (quoting *People v. Trefonas*, 9 Ill. 2d 92, 98 (1956)); see also *People v. Hillier*, 237 Ill. 2d 539, 548 (2010) (defendant's failure to adequately preserve the issue leaves the court with a record completely barren of any indication of whether defendant's rights were violated).

In the instant case, we consider Bradley has sufficiently preserved the issue of any violation of the Code by raising it in a posttrial motion and objecting at trial. The record indicates that at trial

Bradley objected to the overhear evidence on the basis of foundation, the best evidence rule, chain of custody, and violation of a trial court overhear order, which, we note, was issued pursuant to article108A of the Code. Furthermore, Bradley also elicited testimony from Lenardt that the audio data was deleted from the device and the computer before the trial court that issued the overhear order listened to the recording from the disk, as required by the Code. As a result of Bradley's concerns, the trial court discussed the Order of Review, which was issued pursuant to section 108A-7 of the Code. The trial court found the police had substantially complied with the Order of Review. For these reasons, we consider that it was clear at trial that compliance with the Code was a part of Bradley's objection to the overhear evidence. As noted by the trial court during the posttrial hearing, "[the trial court] has spent quite a bit of time on this issue *** [and] commented that [the] eavesdropping device had been approved by a Judge [and] it was authorized, and it was used by the police substantially according to law." Bradley sufficiently objected to the evidence such that a timely resolution could be made at the trial court level and a sufficient record for review documented.

Bradley's first substantive argument is that the "copy of a copy" of the eavesdropped conversation introduced at trial was not "done in such a way as will protect the recording from editing or alterations." See 725 ILCS 5/108A-7(a) (West 2006). To the extent that Bradley's claim is based on the argument that a condensed version of the overhear was introduced at trial in error, we find the argument waived. See *United States v. Phillips*, 596 F.3d 414, 417 (7th Cir. 2010) (finding admission into evidence of redacted audio recording was not in error where defendant's only basis for exclusion was that the recording was redacted). It is clear from the record that Bradley assented to the redacted version as the version that should be introduced if his objections were not sustained. At the posttrial proceedings, Bradley reiterated he was not objecting to the introduction

8

of the evidence based on the fact that the audio recording had been condensed. The record also indicates the trial court that issued the overhear order listened to an intact version of the recording before issuing the Order of Review.

We consider the essential element of Bradley's argument is that the "original" recording was not preserved in that the overhear was deleted from the transcorder, the backup "flash disk" and the computer onto which the recording was initially downloaded. Bradley asserts, in part, that the original recording was never turned over to the reviewing judge in violation of the Code's requirement that "[i]mmediately after the expiration of the period of the order or extension *** all such recordings shall be made available to the judge issuing the order." 725 ILCS 5/108A-7(b) (West 2006). Bradley maintains that the Code requires the reviewing judge to immediately review the original recording in order to determine whether the recorded conversation came within the scope of his overhear order. Bradley also argues that that portion of the Order of Review that requires the recording be maintained for 10 years is rendered meaningless, in contravention of section 108A-7(b) of the Code, because the original recording was destroyed on the date it was made. Bradley also argues there is no satisfactory explanation for why the original recordings were never placed under judicial seal as required by section 108A-7(b) of the Code. Thus, Bradley's arguments are predicated in large part upon his assertion that the destruction of the "original" recordings rendered the evidence introduced at trial improper.

Bradley asserts that the applicable standard of review in this case is *de novo*. Statutory construction is a matter of law that we review *de novo*. *People v. Johnson*, 334 Ill. App. 3d 666, 672 (2002). The State, on the other hand, urges an abuse of discretion review. The admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that

9

discretion. *People v. Tenney*, 205 Ill. 2d 411, 436 (2002). We find that to reach a resolution in this case, we must employ both standards of review.

In answer to Bradley's assertions that the "original" recording was not preserved, our analysis of the relevant sections of section 108A-7 of the Code, lead us to conclude that the word "original" is never used with respect to the requirements of the statute. 725 ILCS 5/108A-7 (West 2006); see *United States v. McLee*, 436 F. 3d 751, 764 (7th Cir. 2006) (construing a similarly worded statute, the court stated, "[d]espite the strenuous efforts of [the defendants] to convince us otherwise, the word "original" appears nowhere in the statute"). We do recognize that unlike the sophisticated "capture and preservation system" used by the government in *McLee*, the system used by the State in this case was more akin to a commonly used home computer, the use of which, the court in *McLee* suggested, would run counter to the intent of the statute that intercepted recordings be protected from editing or alteration. See *McLee*, 436 F.3d at 765 ("In the complete absence of any countervailing evidence, we must accept the accuracy of the government's description of the attributes of its computer system, including the absence of any editing or alteration function."). In the instant case, as in *McLee*, the original recording device was not a medium from which data could be replayed to a listener. *McLee*, 436 F.3d at 765 ("even if it were possible for the hard drive buffer to be removed *** and sealed by the court *** it is not apparent that the object being sealed would be capable of reproducing any recognizable human voices without transfer to another medium"). However, it is apparent in this case that once the data was downloaded to the police computer using the appropriate software it was subject to editing and alteration. A copy of the disk was in fact altered or redacted for presentation at trial. It would seem to us that preservation of the simultaneously recording "flash disk" that the police consider a "backup" would be a more

10

appropriate medium to protect.

Nevertheless, in the instant case, the defendant has not asserted the audio recording was substantively altered in any meaningful way by the State. The trial court, after an exhaustive review, concluded there had been no changes, additions or deletions to the recording that was made available for trial, that it had been properly preserved, that the police had substantially complied with the overhear order and the Order of Review, and that there was no intention on the part of the State to defraud the defendant. The trial court also considered the "destruction" of the original recording had been explained in "excruciating" detail and to the trial court's satisfaction. Lenardt testified the recording was an exact copy of the overhear to which he was privy, that the reviewing judge had reviewed the overhear in its entirety, and that the recording had been protected under seal and kept in evidence until the time of trial. Furthermore, the confidential informant, who participated in the eavesdropping, also testified at trial. Giving the trial court's findings of fact their due deference, we consider that under the circumstances of this case, the audio evidence disk introduced as evidence at trial, although not the "original," was handled "in such a way as [to] protect the recording from editing or alterations," as required under section 108A-7(a) of the Code. 725 ILCS 5/108A-7(a) (West 2006); *People v. Mason*, 403 Ill. App. 3d 1048, 1053 (2010) (trial court's findings of fact entitled to great deference).

We turn now to Bradley's other arguments, which are based on the postinterception requirements of sections 108A-7(b) and 108A-8(a) of the Code. 725 ILCS 5/108A-7(b), 108-8(a) (West 2006). Bradley's further arguments are that the recording was not immediately turned over to the reviewing judge, there is no indication the reviewing judge listened to the recording or that it was within the scope of the previously entered overhear order, a record of the Order of Review was not

11

maintained with the recording, and the defendant did not receive notice of the overhear as required by section 108A-8(a) of the Code. 725 ILCS 5/108A-7(b), 108-8 (a) (West 2006).

Where post-interception failures to comply with the statutory requirements of section 108A-7 of the Code are alleged, the test is whether the particular safeguard is a central or functional safeguard in the scheme to prevent abuses, the purpose that the particular procedure was designed to accomplish has been satisfied in spite of the error, and the statutory requirement was deliberately ignored and, if so, whether there was any tactical advantage to be gained by the government. *People v. Nieves*, 92 Ill. 2d 452, 458-62 (1982). Thus, in a case where the State stipulated to its failure by 16 days to immediately make available to a reviewing judge recordings made through eavesdropping, the defendant did not allege the tapes admitted at trial were edited, altered, or constituted an inaccurate representation of the conversations, there was no evidence of a bad faith attempt by the State to gain advantage over the defendant, and the defendant was not prejudiced in any way by the sealing delay, the trial court did not err in admitting the tapes into evidence. *Nieves*, 92 Ill. 2d at 462-63.

We consider that Bradley's post-interception claims are largely refuted by the Order of Review entered by the judge who approved the original overhear order. As did the trial court, we must give due deference to the determinations of the issuing judge (*People v. Ellis*, 122 Ill. App. 3d 900, 903-04 (1984)), who, in this case, stated in the Order of Review, signed on January 15, 2009, that "after the expiration of the period of the order authorizing use of eavesdropping device, *** [all recordings made pursuant to the order were] made available to the Judge issuing [the] order." The Order of Review further states the reviewing judge listened to "all tapes made as a result of the [overhear] order and determined that the conversations thereon are within said order." Furthermore,

12

the reviewing judge ordered the recording sealed and custody maintained by Lenardt.  The order specified the recording not be destroyed for at least ten years and that a copy of the Order of Review be maintained with the recording.  The trial court found the State had substantially complied with the Order or Review and we find no reason to overturn that finding.  As to the notice requirement of section 108A-8(a)of the Code (725 ILCS 5/108A-8(a) (West 2006)), it has been determined that the purpose of the notice provision, to make the defendant aware of conversations overheard and enable him to make appropriate motions to suppress the contents, is satisfied when the State gives notice pursuant to discovery procedures. *People v. Ellis*, 122 Ill. App. 3d 900, 904-05 (1984).  In this case, the State notified Bradley on September 4, 2008, that "[a] court authorized recording device was utilized during controlled purchases involving [another subject] and the Defendant." Thus, we consider the requirement of section 108A-8(a) of the Code has been satisfied. 725 ILCS 5/108A-8(a) (West 2006).

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.