THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PRUDY CALGARO, Defendant-Appellee.

Second District   No. 2—03—0397

Opinion filed May 3, 2004.

Roger T. Russell, State's Attorney, of Belvidere (Lawrence M. Bauer and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Jack P. Rimland, of Law Office of Jack P. Rimland, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals the trial court's order suppressing evidence against defendant, Prudy Calgaro, that was obtained through judicially authorized eavesdropping. The State contends that the trial court erred in holding that the application to use an eavesdropping device did not establish reasonable cause to believe that the recorded conversations would produce evidence that a felony was being committed. We reverse and remand.

The eavesdropping in question occurred as part of an ongoing investigation of alleged prostitution at the *C'est la Vie* massage parlor.

Members of the State Line Area Narcotics Team (SLANT) wanted to have an informant, identified as Tammy Strawberry, call the *C'est la Vie* posing as a prospective employee. Inspector Robert Czech of SLANT obtained the State's Attorney's approval and submitted to the trial court an application for a wiretap authorization.

The application stated that the parties whose conversations were to be recorded were Tammy Strawberry, defendant, "and any other persons that may involve themselves in pandering violations." In an affidavit accompanying the application, Czech related interviews with witnesses who described acts of prostitution that occurred at the *C'est la Vie*. Czech averred that Strawberry was the consenting party and that Strawberry and defendant were the parties whose conversations would be overheard. The final paragraph of the affidavit stated as follows:

> "The nature of this investigation is such that any authorization granted pursuant to this petition should not terminate automatically; it is anticipated that conversation with Tammy Strawberry and Prudy I. Calgaro will result in more than one conversation which will consist of negotiations for Tammy Strawberry's participation in and performance of acts of prostitution while being employed by Prudy I. Calgaro at Calgaro's place of business (The C'est la Vie) and obtaining corroborative evidence of Calgaro's involvement in and association with others involved in violations of the Pandering statute."

Judge Gerald F. Grubb issued an order authorizing the monitoring of conversations between Strawberry and defendant "and possible unknown persons."

Apparently such conversations did occur. Defendant moved to suppress the evidence obtained during those conversations. The trial court, through Judge J. Todd Kennedy, granted the motion. Although the motion did not specifically raise this ground, the court held that the wiretap application documents did not link defendant to any pandering violations at the *C'est la Vie*. The court observed that Czech's affidavit stated only that defendant was the registered agent of the business; it did not state that she played any role in the business's hiring or other day-to-day operations. The State filed a certificate of impairment and a timely notice of appeal.

The State contends that the trial court should not have suppressed the evidence, because a liberal reading of the application documents permits the inference that defendant was involved in the illicit activities at the *C'est la Vie*. We agree with the State that the evidence should not have been suppressed, albeit for slightly different reasons.

■ Generally, when a motion to suppress evidence involves factual

determinations, a reviewing court will not reverse a trial court's ruling unless it was manifestly erroneous. *People v. Buss*, 187 Ill. 2d 144, 204 (1999). However, where the facts are not in dispute, our review is *de novo. People v. Anthony*, 198 Ill. 2d 194, 201 (2001). Here, no facts were disputed and the court's ruling turned solely on legal issues.

Defendant contends, as the trial court held, that the application documents did not link her to the illegal activities at the *C'est la Vie*. The expected conversations were to consist of Strawberry calling the business to ask about employment there, which would presumably involve a description of her job duties. However, the application listed defendant only as the registered agent, which does not necessarily support a conclusion that she was involved in the business's day-to-day operations or was responsible for its hiring. Thus, according to defendant, the application did not demonstrate that the eavesdropping was likely to record conversations about the described criminal activity.

The problem with this argument is that neither the application nor the authorization order specifically limited the recorded conversations to those involving defendant. The application requested permission to monitor conversations between Strawberry and "Prudy I. Calgaro and any other persons that may involve themselves in pandering violations." The order similarly allowed recording conversations with "Prudy I. Calgaro, and possible unknown persons." Moreover, a careful review of the statute governing judicially approved wiretapping reveals that this was permissible. The specific identity of the person whose conversations are to be recorded is not necessarily critical in obtaining judicial approval for eavesdropping.

■ Section 108A—3(a) of the Code of Criminal Procedure of 1963 (the Code) governs the process of applying for judicial approval of the use of an eavesdropping device where one party to the anticipated conversation consents to its use. 725 ILCS 5/108A—3(a) (West 2002). The statute requires a statement of facts to justify a reasonable belief that a felony has been, is being, or is about to be committed; a description of the type of communication to be monitored; the identity of the consenting party; and "the identity of the person, if known, whose conversations are to be overheard by the eavesdropping device." 725 ILCS 5/108A—3(a)(2) (West 2002).

Section 108A—4 of the Code provides that a judge may authorize the use of an eavesdropping device if he or she finds that one party to the conversation has or will have consented to the use of the device; there is reasonable cause for believing that an individual is committing, has committed, or is about to commit a felony; and there is reasonable cause for believing that particular conversations concerning that felony will be obtained. 725 ILCS 5/108A—4 (West 2002).

■ The restrictions on the use of an eavesdropping device in such situations are purely statutory; the fourth amendment to the United States Constitution (U.S. Const., amend. IV) is not implicated. *People v. Sylvester*, 86 Ill. App. 3d 186, 190 (1980). However, because Illinois citizens are entitled to be safeguarded from unnecessary governmental surveillance and other unreasonable intrusions into their privacy, the statutory restraints on eavesdropping must be strictly construed with respect to all requests and consents for the authority to use an eavesdropping device. *People v. Bockman*, 328 Ill. App. 3d 384, 388 (2002); *People v. Monoson*, 75 Ill. App. 3d 1, 5 (1979).

■ "Reasonable cause" as used in the eavesdropping statute is synonymous with "probable cause" and is established when the totality of the circumstances is sufficient to warrant the belief by a reasonable person that an offense has been, is being, or will be committed. *People v. White*, 209 Ill. App. 3d 844, 876 (1991). An application to use an eavesdropping device should be viewed in a commonsense manner and the issuing judge's conclusions that reasonable cause exists should be given great deference when reviewed by subsequent judges. *White*, 209 Ill. App. 3d at 877. Nevertheless, an application must establish reasonable cause to believe that the eavesdropping will obtain particular conversations about the described felony. *People v. Ellis*, 122 Ill. App. 3d 900, 902 (1984). Although this requirement is found in section 108A—4, governing judicial authorizations, rather than in section 108A—3, it is properly considered a requirement to be included in an application. *Bockman*, 328 Ill. App. 3d at 389.

Having set out in some detail the statutory requirements for an application to use an eavesdropping device, it is important to note what the statute does not require. It does not require that the nonconsenting party be suspected of committing the felony or even that the nonconsenting party be specifically identified. The statute requires only the "identity of the person, if known," whose conversations are to be monitored. 725 ILCS 5/108A—3(a)(2) (West 2002).

Although the cases addressing this issue are not numerous, they suggest that these omissions from the statutory requirements were intentional. The legislature intended the statute to cover situations, like this one, where it is clear that felonies are being committed at a particular business but the identity of the particular people responsible for them is unclear. In *People v. Childs*, 67 Ill. App. 3d 473, 476 (1979), the court observed that, by its very nature, a "storefront" operation is uncertain. There, the application stated that several people were using a business to sell stolen property, but the officers could not determine beforehand with whom they would speak on a given occasion. However, this uncertainty did not invalidate the eavesdropping order so as to

require suppression of the resulting evidence. *Childs*, 67 Ill. App. 3d at 476.

Likewise, in *People v. Moss*, 133 Ill. App. 3d 728 (1985), the court refused to suppress wiretap evidence even though the defendant was not specifically named in the application. Apparently, the defendant's brother was the target of the investigation and the defendant was only fortuitously in his brother's company when the recorded incident took place. *Moss*, 133 Ill. App. 3d at 730-31.

Most recently, in *People v. O'Toole*, 226 Ill. App. 3d 974 (1992), John O'Toole and his girlfriend, Brenda Haney, were looking for a hit man to murder her ex-husband. O'Toole contacted an acquaintance, Ron Johnson, who notified police. Johnson agreed to meet with O'Toole and have the conversation recorded. The application named O'Toole as a party to the expected conversation, but did not name Haney, who also participated. Haney then sought to suppress the evidence on the ground that she was not named in the application. The appellate court found it insignificant that the application did not list *all* of the expected parties to the conversation and refused to disturb the trial court's order allowing the evidence. *O'Toole*, 226 Ill. App. 3d at 982.

■ Here, although the application could have been more artfully drafted, viewing it in a commonsense fashion, it is clear that Strawberry was going to phone the *C'est la Vie* to inquire about working there. Thus, she presumably would have been directed at some point to the person in charge of hiring. The police expected that this would have been defendant, but it could have been someone else. The authorization allowed the recording of Strawberry's conversations with any such "unknown persons." As a result, the application did demonstrate reasonable cause to believe that Strawberry's conversations would concern the ongoing pandering violations. As in the fencing operation in *Childs*, it was not critical that the police be able to identify the specific individual responsible for the pandering violations.

In light of this conclusion, it is clear that the application complied with the statute. It identified an ongoing felony, pandering, being committed at the *C'est la Vie*. Defendant complains that the application showed only that prostitution, a misdemeanor, was being committed, while the wiretapping statute applies only to felonies. However, we agree with the State that a reasonable inference from the repeated and quite organized nature of the prostitution inside the business was that someone was responsible for "arrang[ing] a situation in which a person may practice prostitution," which is the definition of pandering. See 720 ILCS 5/11—16(a)(2) (West 2002). Pandering is a Class 4 felony. 720 ILCS 5/11—16(b) (West 2002).

The application met the rest of the statutory requirements. It listed the type of conversations to be recorded and the identity of the consenting party. Defendant does not challenge the application or authorization order on any other grounds. She argued in the trial court that the order was invalid because the name of the consenting party was an alias. See *People v. Manuel*, 294 Ill. App. 3d 113, 122 (1997). However, she does not renew this argument on appeal.

Finally, because of our resolution of the primary issue, we need not consider the State's alternative request to decide whether the informant could testify to the content of the conversations even if the recordings were suppressed. We note, however, that the supreme court recently decided that when reviewing an order suppressing evidence, the appellate court has no jurisdiction to consider the propriety of evidence that was not suppressed. *People v. Johnson*, 208 Ill. 2d 118, 138 (2003).

The judgment of the circuit court of Boone County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.