# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cunningham*, 2012 IL App (3d) 100013

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. CUNNINGHAM, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0013 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | November 22, 2011<br><br>January 11, 2012<br>January 11, 2012 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Defendant's conviction for aggravated criminal sexual abuse of his daughter was upheld over his contentions that overhear recordings of conversations he had with the victim were improperly admitted and that his counsel was ineffective in failing to object to the overhear evidence, since defendant presented only conjecture and unsubstantiated assumptions that the trial judge's impartiality was affected by his participation in approving the overhear and there was no evidence of partiality that would have required him to recuse himself, there was no error in the overhear application, the issue was waived on appeal by defendant's failure to object to the overhear procedure or the application or to raise the issue in a posttrial motion, defendant waived the claim that he was not timely provided with the overhear application and order, the State's failure to exactly comply with the overhear statute's notice requirements did not require suppression, and defendant's counsel was not ineffective.

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 08-CF-225; the Hon. Stanley Steines, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Maureen Williams, of Peoria, Robert A. Heap (argued), of Kuhn, Heap & Monson, and Robert G. Black, of Law Offices of Robert G. Black, both of Naperville, for appellant. |
| | Gary L. Spencer, State's Attorney, of Morrison (Terry A. Mertel and Mark A. Austill (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. Justices Holdridge and McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1   Defendant Robert Cunningham was convicted of aggravated criminal sexual abuse following a bench trial at which two overhears that recorded conversations between Cunningham and his daughter, the alleged victim, were admitted into evidence. Cunningham contends that the statutory requirements for an overhear were not satisfied, that he was denied a fair trial when the overhear recordings were improperly admitted at trial, and that he was denied effective assistance of counsel. We affirm his conviction.

¶ 2                                                    FACTS

¶ 3   In May 2008, Natalie P. contacted Whiteside County law enforcement alleging that she had been sexually abused by her father, defendant Robert Cunningham, in the summer and fall of 1998, when the family lived in Prophetstown. Based on her complaint, and with the approval of Whiteside State's Attorney Gary Spencer, Sergeant Andrew Henson of the Whiteside County sheriff's department submitted, along with his affidavit, an application for an overhear to trial judge Stanley Steines. A hearing ensued on the overhear application at which Henson testified, and Natalie appeared and consented to the use of the eavesdropping device. The trial court approved the application and two subsequent conversations between Natalie and Cunningham were recorded. Based on the evidence revealed in those

-2-

conversations, an indictment issued charging Cunningham with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b), (d) (West 2008)).

¶ 4    A bench trial took place at which the following evidence was presented. Natalie testified that her date of birth was July 12, 1982, and that sometime between June 1 and October 31, 1998, when she was 14 or 15 years old, she was alone in the family home with her father. Her mother and sister were out of town for the day. She and her father were sitting on the couch. She had her legs extended from one end of the couch to the other. Cunningham offered to massage her legs, which was a typical family activity. He massaged her calves and moved his hands up to her thigh area. He then "touched the outside of [her] underwear above [her] vagina and tried to massage [her] there." The incident lasted about two seconds until she moved away from him. He asked her whether she had ever masturbated and whether she would let him "masturbate" her. When she refused, he tried to touch her again but only touched the outer part of her leg. She grabbed a book of catechism and read to her father a passage on the sins of masturbation. Cunningham asked her not to tell her mother about the incident. He then left the room and she went downstairs to shower. While she was in the shower, she felt someone watching her, looked out of the shower, and saw her father crawling along the floor toward the shower. She yelled at him, to which Cunningham replied, "Sorry, sorry, sorry," and ran upstairs.

¶ 5    A few days later, Natalie told her older sister, Vanessa, about the incident. Vanessa told Natalie that she had been "worried that it would happen to [Natalie] because it had happened to [Vanessa]." They told their mother about the incident and the three of them confronted Cunningham, who admitted to touching Natalie after initially denying the incident. He said, "so what if I did?" As the confrontation continued, Cunningham eventually said he did not know why he committed the acts or what was wrong with him but promised not to do it again. Natalie was unaware of any subsequent incidents. Natalie explained that she waited 10 years to report the incident because she had learned to trust her father again. However, she and her family had temporarily moved into her parents' home. Cunningham wanted to take her five-year-old daughter to the park and did not want Natalie to accompany them. She was concerned that Cunningham had not resolved his sexual issues, stating she "didn't see a whole lot of repentance on his part." On cross-examination, she acknowledged that while staying at her parents, she and her husband had been investigated by the Department of Children and Family Services (DCFS) based on a complaint made by her parents who alleged that Natalie improperly disciplined her children. The allegation was deemed unfounded after a DCFS home visit. Natalie's family subsequently moved out of her parents' home and her relationship with her parents remained strained. Nevertheless, her parents continued to visit Natalie and her family at their new out-of-state home.

¶ 6    Natalie identified the compact disc (CD) with the two recorded conversations she had with her father, which was admitted into evidence. Her mother participated in the second conversation along with her father. During the conversations, Cunningham never explicitly admitted abusing his daughter. He did admit that he attempted to improperly touch Natalie but she stopped him. The recordings of the overhear conversations were played and the State rested. The defense moved for a directed verdict, which the trial court denied. The trial court stated that Natalie's testimony was detailed, noting that she admitted to the DCFS

investigation and the potential bias she had as to her parents. While the strained family relationship may have prompted Natalie to come forward after 10 years, in the trial court's opinion, it did not detract from her credibility when combined with the evidence from the overhear. The trial court described much of the recorded conversation as ambiguous and stated that there was no admission from Cunningham as to specific behavior of touching Natalie's vagina "but there certainly [was] some strong implication."

¶ 7        Terri Cunningham testified for the defense. She was the defendant's wife and Natalie's mother. She recalled a time in the summer or fall of 1998 when the family had a discussion concerning her husband's physical contact with their daughters. Her two daughters had told her that they were uncomfortable during some of the leg massages their father gave them. Natalie never said that Cunningham touched her vagina or that he tried to "masturbate" her. During the family discussion, her husband never admitted to inappropriate touching, although he did admit to having unwanted lust for his daughters. She participated in the second taped phone conversation between her husband and Natalie as recorded with the overhear and agreed that her husband said, "I never even touched you; at one time I attempted to and you stopped me and that was the extent of it." Terri denied that her husband tried to inappropriately touch Natalie, and despite his admission as captured on the recording, stated, "that's what he knew she believed and he was appeasing her." She also denied hearing Cunningham make any incriminating statements on the recordings.

¶ 8        Vanessa Kolb, Natalie's sister and Terri and Cunningham's daughter, testified for her father. She recalled that in the summer of 1998, Natalie told her she was uncomfortable with their father's massages. At that time, Natalie denied being touched inappropriately by Cunningham. They expressed their concerns to their mother to whom Natalie said only that she was uncomfortable with the massages. The three of them confronted Cunningham, who never admitted that he had touched or tried to touch any of Natalie's sexual organs. Her father apologized for making his daughters uncomfortable. He did not state that he had lustful thoughts about them. Kolb described the relationship with her father as close but not sexual.

¶ 9        Following the close of evidence, the trial court found Cunningham guilty of both counts of aggravated criminal sexual abuse. At a subsequent sentencing hearing, the trial court sentenced Cunningham to a term of probation of 48 months and 3 days in the county jail. Cunningham filed a motion for a new trial, arguing in part that trial counsel was ineffective for failing to object to the admission of the overhear CD and for failing to challenge the validity of the overhear based on improper procedure used in obtaining it. Cunningham's motion was heard and denied. He appealed.

¶ 10       After Cunningham had filed his original brief on appeal, the State asked this court to order the Whiteside County clerk's office to supplement the record with any documents and transcripts relating to the overhear application. The State's motion was granted, and the record on appeal was supplemented with an application and complaint for an overhear; Natalie's written consent to the overhear; the trial court's May 16, 2008, order granting the overhear application; an order dated September 4, 2008, directing that the recording "shall be sealed"; and notice on Cunningham served on October 7, 2008. Cunningham then sought and was granted leave to file a supplemental brief.

¶ 11                              ANALYSIS

¶ 12      There are three issues on appeal: whether the trial judge erred when he failed to recuse himself from conducting the trial because he had approved the overhear application; whether the statutory requirements for an overhear were violated; and whether Cunningham was denied effective assistance of counsel.

¶ 13      We begin with Cunningham's contention that the trial judge erred when he failed to recuse himself from conducting the bench trial. Cunningham contends that because the trial judge had approved the overhear application, he had heard evidence and held a private interview with Natalie and relied on the evidence obtained during that interview in convicting him at the bench trial.

¶ 14      A trial judge is presumed to be impartial and the party challenging the judge's impartiality bears the burden to establish the judge's prejudice. *Eychaner v. Gross*, 202 Ill. 2d 228, 280-81 (2002). In a bench trial, it is presumed the trial judge considered only competent evidence in reaching a verdict. *People v. Naylor*, 229 Ill. 2d 584, 603 (2008). However, the presumption may be rebutted where the record affirmatively demonstrates the contrary. *People v. Gilbert*, 68 Ill. 2d 252, 258-59 (1977). A trial judge may not conduct private investigations which produce evidence not presented at trial. *Gilbert*, 68 Ill. 2d at 259. A trial judge's determination based on his private investigation or private knowledge, untested by cross-examination or the rules of evidence, denies the defendant due process of law. *People v. Wallenberg*, 24 Ill. 2d 350, 354 (1962).

¶ 15      A trial judge should disqualify himself where his or her impartiality may reasonably be questioned, including where the judge has personal knowledge of disputed evidentiary facts regarding the proceedings. Ill. S. Ct. R. 63(c) (eff. Dec. 5, 2003); *People v. Kliner*, 185 Ill. 2d 81, 169 (1998). Where a judge may have knowledge outside the record, he should recuse himself. *People v. Washington*, 38 Ill. 2d 446, 451 (1967). Pretrial involvement by a judge does not disqualify the judge from later presiding over the defendant's trial. *Withrow v. Larkin*, 421 U.S. 35, 56 (1975); *People v. Harvey*, 379 Ill. App. 3d 518, 523 (2008) (trial judge's prior rulings in a case will rarely form the basis of a recusal motion); *People v. Antoine*, 335 Ill. App. 3d 562, 573 (2002) (judge's issuance of search warrants insufficient to trigger duty to recuse in subsequent trial); *People v. Thomas*, 199 Ill. App. 3d 79, 92 (1990) (trial judge not required to recuse himself due to prior ruling on defendant's motion to suppress). A trial judge's decision whether to recuse himself based on prejudice against the defendant will not be reversed absent an abuse of discretion. *Kliner*, 185 Ill. 2d at 169.

¶ 16      The record contains no evidence of *ex parte* communications or improper contacts by the trial judge. Law enforcement submitted an application for an overhear and the trial court heard evidence in support of the application, including the testimony of the investigating officer. The victim, Natalie, consented to the recording. Contrary to Cunningham's claims, there is no evidence in the record that the trial court improperly engaged in *ex parte* communications with Natalie or that she testified in support of the application. A trial judge's participation and rulings on pretrial matters does not require recusal or disqualify him from presiding over the defendant's subsequent trial. Cunningham offers only conjecture and

unsubstantiated assumptions that the trial judge's impartiality was affected by his participation in the overhear approval. We find that there is no evidence of partiality or need for recusal.

¶ 17    We next consider whether the statutory requirements for an overhear were violated. As a threshold matter, the State argues that Cunningham has waived this issue on appeal by failing to object to the overhear procedure, application or recording at trial or to raise the issue in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve issue for appeal, it must be objected to at trial and raised in a posttrial motion). Cunningham agreed to the admission of the overhear recording as a joint stipulation but did argue in his posttrial motion, albeit within the framework of an ineffective assistance claim, that the statutory overhear procedures were violated. He responds on appeal that he could not forfeit the issue of the propriety of the overhear application and order because he did not know of their existence. Cunningham asserts the State's forfeiture argument dovetails into his ineffective assistance argument and supports plain error review under the substantial rights prong. *People v. Bounds*, 171 Ill. 2d 1, 41 (1995) (review appropriate under substantial rights prong because the alleged error was so fundamental that defendant was denied a fair proceeding). As discussed below, there was no error in the overhear application or post-interception procedure. Accordingly, plain error review is not appropriate, and we find that this issue is waived on appeal.

¶ 18    A second threshold matter is Cunningham's claim that a *Brady* violation occurred when the State did not timely provide him the overhear application and order. Cunningham did not fully brief this argument and it is thus also waived on appeal. Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006) (points not argued are waived). Waiver notwithstanding, pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the State is required to provide evidence favorable to a defendant when the evidence is material either to guilt or punishment. As discussed below, the State provided all material evidence to Cunningham. We find that there was no *Brady* violation.

¶ 19    Turning to the substantive issues on appeal, Cunningham argues that evidence obtained from the overhear should not have been admitted because the statutory requirements for an overhear were not satisfied. He further argues that, as a consequence, any evidence obtained from the overhear must be suppressed.

¶ 20    Section 108A-1 *et seq.* of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/108A-1 *et seq.* (West 2008)) (hereinafter overhear statute) governs judicial supervision of the use of eavesdropping devices. The procedure for obtaining an overhear requires that an application be made in writing on oath or affirmation to a trial judge, and include, in pertinent part:

"(1) the identity of the investigative or law enforcement officer making the application and the State's Attorney authorizing the application;

(2) a statement of the facts and circumstances relied upon by the applicant to justify his belief that an order should be issued including: (a) details as to the felony that has been, is being, or is about to be committed; (b) a description of the type of communication sought to be monitored; (c) the identity of the party to the expected

conversation consenting to the use of an eavesdropping device; (d) the identity of the person, if known, whose conversations are to be overheard by the eavesdropping device;

(3) a statement of the period of time for which the use of the device is to be maintained ***;

(4) a statement of the existence of all previous applications ***." 725 ILCS 5/108A-3 (West 2008).

¶ 21    The trial court may authorize an overhear where:

"(a) one party to the conversation has or will have consented to the use of the device;

(b) there is reasonable cause for believing that an individual is committing, has committed, or is about to commit a felony under Illinois law; [and]

(c) there is reasonable cause for believing that particular conversations concerning that felony offense will be obtained through such use[.]" 725 ILCS 5/108A-4 (West 2008).

¶ 22    "Because Illinois citizens are entitled to be safeguarded from unnecessary governmental surveillance and other unreasonable intrusions into their privacy," the overhear statute must be strictly construed. *People v. Bockman*, 328 Ill. App. 3d 384, 388 (2002). However, not all statutory violations require that evidence from the recordings be suppressed. *People v. Ellis*, 122 Ill. App. 3d 900, 904 (1984). Suppression is only required where there is a failure to satisfy any of the statutory requirements that directly and substantially implement the legislative intent to limit the use of overhears. *Ellis*, 122 Ill. App. 3d at 904. The test is whether (1) the particular safeguard is a central safeguard in the legislative scheme to prevent abuses; (2) the purpose the particular procedure was designed to accomplish has been satisfied in spite of the error; and (3) the statutory requirement was deliberately ignored and, if so, whether the government gained a tactical advantage. *People v. Nieves*, 92 Ill. 2d 452, 458-59 (1982). We will not reverse a trial court's approval of an overhear application unless it is manifestly erroneous. *People v. Calgaro*, 348 Ill. App. 3d 297, 300 (2004). Statutory construction is an issue of law this court reviews *de novo*. *People v. Johnson*, 334 Ill. App. 3d 666, 672 (2002).

¶ 23    Cunningham asserts as the first procedural defect that the trial court failed to promptly seal the recordings and that the failure prejudiced him. He notes that the overhear application was granted on May 16 and expired on June 14, that the trial court's order to seal the recordings was dated September 4, and that the seal order was filed September 18. Cunningham asserts that these dates demonstrate that the overhear statute's immediacy requirement was not satisfied. He further asserts that the trial court did not determine that the recordings complied with the application, which, along with the failure to timely seal them, makes the recordings inherently unreliable.

¶ 24    The overhear statute provides that the contents of the overheard conversation be recorded and that "[i]mmediately after the expiration of the period of the order *** all such recordings shall be made available to the judge issuing the order." 725 ILCS 5/108A-7(b) (West 2008). Section 108A-7 also requires that the trial court listen to the tapes, determine whether the recordings are within the overhear order, and "make a record of such determination to be retained with the tapes." 725 ILCS 5/108A-7(b) (West 2008). The recordings are to be sealed

and kept under the trial court's order and instruction. 725 ILCS 5/108A-7(b) (West 2008). The presence of the seal or its explained absence "shall be a prerequisite for the use or disclosure of the contents of the recordings or any evidence derived therefrom." 725 ILCS 5/108A-7(b) (West 2008). The statute further requires that all overhear applications and orders be sealed and kept in custody pursuant to the trial court's directions and disclosed only upon a showing of good cause before a judge. 725 ILCS 5/108A-7(c) (West 2008). The statute's immediate sealing requirement is a primary safeguard in the legislative scheme and the requirement's function is to preserve the integrity of the recorded conversations and to prevent tampering or editing of the tapes. *Nieves*, 92 Ill. 2d at 459.

¶ 25 Cunningham's claim that the trial court did not determine that the overhear complied with the application and thus failed to meet the statute's requirements is contradicted by the record. The September 4, 2008, order which directed that the recording be sealed states that the court "determined that the conversations were within the Court's Order." At a hearing on Cunningham's motion for a new trial, the trial court, while acknowledging that it did not have independent recollection of its approval of the overhear, stated it "would have reviewed the audio of the conversation prior to or when it was returned to make sure that it was in compliance with the application." Moreover, because the parties jointly stipulated to the admission of the recordings, Cunningham cannot now complain about their admissibility. *People v. Calvert*, 326 Ill. App. 3d 414, 419 (2001) (parties who agree to admission of evidence through a stipulation cannot later complain about the evidence's admission into evidence). Additionally, the record demonstrates that Cunningham relied on the overhear as part of his defense, specifically his denial on the overhear that anything criminal occurred in his relationship with Natalie. He asserted during trial that the overhear recording was exculpatory.

¶ 26 As noted by the State, there is no time limit in the overhear statute as to when the tapes must be sealed. Cunningham's interpretation of the immediacy requirement was rejected in *People v. Seehausen*, 193 Ill. App. 3d 754, 763 (1990), where the reviewing court determined that the immediacy requirement refers to the immediate return of the recordings to the court, not to the trial court's review or sealing of the recordings. The immediacy requirement is designed to prevent tampering with the recordings and to preserve their integrity. *Seehausen*, 193 Ill. App. 3d at 764. Here, there is no indication that any tampering occurred and Cunningham does not challenge the integrity of the recordings. At trial, the recordings were admitted as a joint stipulation and Natalie testified without objection that the recordings accurately reflected her conversations with Cunningham. The record indicates that the trial court sealed the overhear on September 4, 2008, but does not establish when the overhear was presented to the trial court after the application expired in June 2008. As appellant, it is Cunningham's burden to provide a complete record on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Because the record does not include the date the recordings were presented to the trial court, this court must presume that submission was timely. *Foutch*, 99 Ill. 2d at 391-92 (in absence of sufficient record on appeal, reviewing court presumes trial court's order was in conformity with the law and had an adequate factual basis).

¶ 27 Cunningham also complains that the State violated section 108A-8 of the overhear statute by failing to timely provide him with notice of the overhear within 90 days after the overhear

order expired and failing to timely provide him notice within 10 days of trial.

¶ 28 The overhear statute requires notice to parties overheard and provides:

"(a) [w]ithin a reasonable time, but *** not later than 90 days after the termination of the period of an order ***, the issuing *** judge shall cause to be served on the persons named in the order or application and such other persons in the recorded conversation as the judge may determine that justice requires be notified, a notice of the transaction involving any requested or completed use of an eavesdropping device which shall include:

(1) notice of the entry of an order ***;

(2) the date of the entry ***;

(3) the period of the authorized use of any eavesdropping device; and

(4) notice of whether during the period of eavesdropping devices were or were not used to overhear and record various conversations and whether or not such conversations are recorded.

On an *ex parte* showing of good cause, the notice required by this subsection may be postponed.

(b) Upon the filing of a motion, the judge may in his discretion make available to such person or his attorney for inspection such portions of the recorded conversations or the applications and orders as the judge determines it would be in the interest of justice to make available.

(c) The contents of any recorded conversation or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other judicial or administrative proceeding unless each party not less than 10 days before such a proceeding has been furnished with a copy of the court order and accompanying application under which the recording was authorized or approved and has had an opportunity to examine the portion of the tapes to be introduced or relied upon. Such 10[-]day period may be waived by the judge if he finds that it was not possible to furnish the party with such information within the stated period and that the party will not be materially prejudiced by the delay in receiving such information." 725 ILCS 5/108A-8 (West 2008).

The notice requirement of section 108A-8(a) of the Criminal Code (725 ILCS 5/108A-8(a) (West 2008)) is satisfied when the State gives notice to a defendant pursuant to discovery procedures. *People v. Bradley*, 406 Ill. App. 3d 1030, 1039 (2011).

¶ 29 On June 24, 2008, the State provided discovery to Cunningham which included a transcript of the electronic surveillance and 50 "police reports and other documents." The "other documents" are not part of the record on appeal. The State asserts that the attached documentation included a copy of the overhear application and order. Supplemental discovery was provided to Cunningham on July 15, 2008, and included a CD of the overhear. Without a record of the attached documents from the June disclosure, this court must presume that the documents were properly attached, including the overhear application and order. Notwithstanding the presumption of propriety, we find that the notice requirement was

satisfied by the State's timely discovery disclosure to Cunningham. Because the reasoning, safeguards and purpose of notice were satisfied through discovery, and there is no indication the State gained a tactical advantage, the State's lack of exact compliance with the statute's notice requirements do not require suppression. *People v. Stewart*, 343 Ill. App. 3d 963, 976 (2003).

¶ 30　　The last issue on appeal is whether Cunningham was denied effective assistance of counsel. Cunningham asserts that his trial counsel provided him ineffective assistance where he failed to file a motion for substitution of judge and did not challenge the overhear which Cunningham claims did not comply with the statutory requirements.

¶ 31　　To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's representation was objectively unreasonable and, but for counsel's errors, there was a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A defendant must satisfy both prongs of the *Strickland* test, and failure to satisfy either prong precludes a finding of ineffective assistance. *People v. Milton*, 354 Ill. App. 3d 283, 289 (2004). Matters of trial strategy or tactics are not proper areas of inquiry into claims of ineffective assistance and a defendant must overcome a strong presumption in favor of a finding that counsel's advocacy was effective. *People v. Centeno*, 394 Ill. App. 3d 710, 713 (2009). In deciding whether counsel provided ineffective assistance, this court employs a bifurcated standard of review, deferring to the trial court's findings of fact unless they are against the manifest weight of the evidence and considering *de novo* the ultimate legal issue of whether counsel's omission supports an ineffective assistance claim. *People v. Manoharan*, 394 Ill. App. 3d 762, 769 (2009).

¶ 32　　As discussed above, there is no merit to Cunningham's claims that the trial judge should have recused himself or that the statutory requirements for an overhear were not substantially satisfied. He was provided the overhear documents and CD prior to trial and was not prejudiced by counsel's actions. Thus, Cunningham is unable to satisfy either *Strickland* prong. We find that he did not receive ineffective assistance of counsel.

¶ 33　　For the foregoing reasons, the circuit court of Whiteside County is affirmed.

¶ 34　　Affirmed.