**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180479-U

Order filed February 17, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0479 Circuit No. 09-CF-665 |
| DEMETRIUS M. HARDRICK, | ) ) | |
| Defendant-Appellant. | ) ) | Honorable Paul L. Mangieri, Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and O'Brien concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Postconviction counsel failed to file the certificate required by Illinois Supreme Court Rule 651(c), and the record does not establish counsel's compliance with the rule.

¶ 2    Defendant, Demetrius M. Hardrick, appeals the Knox County circuit court's denial of his postconviction petition. Defendant argues reversal and remand is required because postconviction counsel failed to file the certificate required by Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), and the record does not establish that counsel otherwise satisfied the requirements of the rule. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4            A jury found defendant guilty of home invasion (720 ILCS 5/12-11(a)(2) (West 2008)),

residential burglary (*id.* § 19-3(a)), aggravated battery (*id.* § 12-4(b)(1)), aggravated unlawful

restraint (*id.* § 10-3.1(a)), reckless discharge of a firearm (*id.* § 24-1.5), and reckless conduct (*id.*

§ 12-5). On direct appeal, we affirmed defendant's convictions. *People v. Hardrick*, 2012 IL App

(3d) 100564-U.

¶ 5            On May 16, 2011, defendant filed a postconviction petition as a self-represented litigant.

Defendant subsequently retained postconviction counsel. Counsel filed a motion on July 17,

2014, which alleged that the circuit court had not responded to defendant's postconviction

petition. Upon hearing that motion, the court acknowledged that it failed to review defendant's

petition within the required 90-day period and advanced defendant's petition to the second stage

of proceedings.

¶ 6            On November 6, 2014, the court granted postconviction counsel leave to file an amended

postconviction petition. The record does not include a report of proceedings for this date.

¶ 7            On August 4, 2015, the court denied defendant's postconviction petition. Postconviction

counsel filed a motion to reconsider on August 31, 2015. On July 23, 2018, defendant filed a

motion as a self-represented litigant that sought a hearing on counsel's motion to reconsider.

Defendant attached a letter from postconviction counsel to his hearing request. Counsel's letter,

dated June 20, 2018, stated,

                    "As you are aware, I was consulted and attained [*sic*] by your family

              member specifically, your grandmother who made a partial payment toward the

              post-conviction proceeding. Although I have not been retained fully for the agreed

              retainer and expense, I went forward and prepared the petition and had the hearing

                                              2

even though I have not been fully compensated. Unfortunately, I wish as part of my business, I do not have any overhead and that I can do all of my cases *pro-bono* but that is simply not reality.

I certainly was happy to represent you in what we did and believe you have genuine issues of law that the Court disagreed with. As far as the status of the Motion to Reconsider, it was my understanding that the Court entered an order denying it but I will check on it for you. Further, you are correct in that attorneys do not file a motions [*sic*] for ineffectiveness of counsel because it would suggest purposeful complicity with the defendant in attempting to sabotage his case for further appellate review. As you are aware, I believe we made good arguments and I think the Court was erroneous in its decision and the post-conviction relief should have been granted. As I previously advised, in other correspondences and with your family, I would have been happy to have continued to represent you in appealing the post-conviction but it required payment of the old outstanding balance as well as more retainer moving forward. I have not received any more payments from you or your family so I consider this matter close[d]."

¶ 8 On July 24, 2018, the court denied counsel's motion to reconsider. Defendant appeals.

¶ 9 II. ANALYSIS

¶ 10 Defendant requests that this court reverse the circuit court's dismissal of his postconviction petition and remand the matter for a *de novo* second-stage proceeding due to counsel's failure to file the certificate required by Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). Defendant contends that the record does not establish that counsel complied with the requirements of the rule. The State concedes that counsel failed to file a Rule 651(c) certificate

but argues the record is sufficient to show that counsel fulfilled the duties required of him by the rule. As evidence of counsel compliance with Rule 651(c), the State cites to the letter from postconviction counsel to defendant. We disagree and find that the record fails to establish counsel's compliance with Rule 651(c).

¶ 11        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) "provides a method by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the United States or the Illinois Constitution or both." *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure that defendant receives reasonable assistance, Rule 651(c) requires that counsel comply with and file a certificate that he or she has

> "consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 12        Postconviction counsel's failure to file an affidavit certifying compliance with Rule 651(c) does not warrant an automatic reversal. *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). "If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). When an explicit showing exists, the error caused by counsel's failure to file a Rule 651(c) certificate is harmless. *People v. Suarez*, 224 Ill. 2d 37, 45-46 (2007). Where the

record does not sufficiently demonstrate counsel's compliance with the rule, we must remand the matter to the circuit court for compliance. *Id.* at 47.

¶ 13    Here, the record does not include a Rule 651(c) certificate. Moreover, the record fails to show that postconviction counsel consulted with defendant by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights. Therefore, remand is required for compliance with Rule 651(c) and *de novo* second-stage proceedings.

¶ 14    We are unpersuaded by the State's argument that the letter from counsel rebuts defendant's claim. Even if we consider this letter evidence of counsel's communication with defendant, it does not explicitly show that counsel communicated with defendant to ascertain his contention of deprivation of his constitutional rights. Further, counsel wrote the letter after the dismissal of defendant's postconviction petition. The letter does not clearly show when counsel spoke to defendant or made defendant "aware" of his opinion regarding his arguments. Thus, without explicit evidence in the record that counsel consulted with defendant, we cannot find that the record sufficiently rebuts defendant's claim**.**

¶ 15    We also reject the State's argument that the omitted report of proceedings from November 6, 2014, would have likely provided a record of counsel's communication with defendant. The State's argument seeks to have us resolve the absence of the report of proceedings in its favor. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the appellant has the burden to present a complete record, therefore, the reviewing court must construe any doubts arising from the incompleteness of the appellate record against the appellant). We previously found that "*Foutch* does not stand for the proposition that a reviewing court must affirm every time any portion of a trial record is not included on appeal. Rather, an appellant need only include those portions of the record necessary to 'support a claim of error.' " *People v.*

5

*Colasurdo*, 2020 IL App (3d) 190356, ¶ 40 (quoting *Foutch*, 99 Ill. 2d at 391-92). Moreover, the State may seek leave to supplement the appellate record to make an affirmative showing. See, *e.g.*, *People v. Cunningham*, 2012 IL App (3d) 100013, ¶ 10. Thus, in this case, we cannot construe the omitted report of proceedings against defendant.

¶ 16 We reverse the circuit court's denial of the postconviction petition and remand for *de novo* second-stage proceedings.

¶ 17 III. CONCLUSION

¶ 18 For the forgoing reasons, we reverse and remand the judgment of the circuit court of Knox County.

¶ 19 Reversed and remanded.