**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190334-U

Order filed November 15, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0334 Circuit No. 17-CF-614 |
| | ) | |
| CALVIN H. PAINO, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice McDade and Justice Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err in denying defendant's motion to suppress a recording of an alleged drug transaction made pursuant to an overhear order.

¶ 2     Defendant, Calvin H. Paino, appeals his conviction for unlawful delivery of a controlled substance. Defendant argues that the Kankakee County circuit court erred in denying his motion to suppress a recording of the alleged drug transaction because the State failed to satisfy the requirements of article 108A of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/108A-1 *et seq.* West 2016)). We affirm.

I. BACKGROUND

¶ 4      On October 25, 2017, the State charged defendant by information with four counts of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2), (d) (West 2016)). A grand jury later charged defendant by superseding indictment with the same offenses. The indictment was returned on November 13, 2017. The indictment alleged that defendant knowingly delivered a substance containing cocaine to a confidential source on multiple occasions. These transactions occurred on September 21, 2017; September 28, 2017; and October 3, 2017.

¶ 5      On April 12, 2018, the State filed a report indicating that it had turned over three DVDs containing a video and audio recording of the purchase of a controlled substance on October 3, 2017. At a status hearing on April 18, 2018, defense counsel acknowledged that he had received the DVDs in the mail the day before.

¶ 6      On March 18, 2019, the matter proceeded to a jury trial on the second count of the indictment, which alleged that defendant delivered at least 1 but not more than 15 grams of a substance containing cocaine to a confidential source on October 3, 2017. The parties selected a jury.

¶ 7      On March 19, 2019, before the parties had made their opening statements, defense counsel filed a motion to suppress the audio and video recording of the purchase. The motion alleged that the recording had been edited and showed a date of May 24, 2014. The motion also alleged that defendant was not notified about the recording within the 90-day period set forth in section 108A-8 of the Code (725 ILCS 5/108A-8 (West 2016)). A hearing on the motion occurred that same day.

¶ 8      At the hearing, Dan Reedy, an assistant state's attorney, testified that on January 31, 2018, he tendered to defendant's counsel the overhear order, the application for the overhear order, the consent made by the person who would be wearing the wire, and the authorization from the state's

attorney's office. Reedy also turned over a KAMEG summary and the arrest report. Reedy identified some notes that he made in the case file indicating that he had turned over these items to the defense on January 31, 2018.

¶ 9 The record contains copies of the overhear order, the petition for an order authorizing use of an eavesdropping device, a consent executed by Special Agent Chris Benoit, and the state's attorney's authorization for a petition and order approving the use of an eavesdropping device. The overhear order stated that KAMEG was given authorization to use an eavesdropping device for the purpose of overhearing and recording a conversation between Benoit and defendant between October 3, 2017, and November 1, 2017.

¶ 10 Benoit testified that on October 3, 2017, he was working for KAMEG as a special agent and was investigating defendant. He conducted an undercover buy from defendant using a covert audio and video recording device. He stated that three DVDs marked as State's exhibits Nos. 1 through 3 contained the audio and video recording captured by the covert device. He had reviewed the recording. It had not been altered or modified in any way, and it accurately captured the events that occurred on the date of the incident. Benoit said that State's exhibits Nos. 1 through 3 were copies that he had made. Defense counsel asked Benoit why they were not originals. Benoit stated: "The originals get put into an evidence thing and are placed into our vault." Benoit believed the recording was 47 minutes long.[1] It was on three different discs in six segments. It did not fit onto one single disc. The date and time stamp on the video recording was incorrect because every time the battery on the device ran out, "it reset[ ] back to whatever default time [they] received the device at."

_____

[1]The three discs comprising State's exhibit Nos. 1 through 3 are included in the record and contain a recording that is 57 minutes long. There are five 10-minute segments and one 7-minute segment.

¶ 11     Benoit testified that he often recorded a "header" where he stated his name, the date, the time, and that he consented to the recording. However, he did not record a header for the recording at issue. Defense counsel noted that each of the DVDs said it had the capacity to run 120 minutes and asked why the recording was on three discs. Benoit replied that he did not have the technical knowledge to answer that question. He said that when he transferred the recording onto the discs, he just inserted a new disc whenever the computer prompted him to.

¶ 12     Benoit testified that if the original disc was put into a computer, the computer would show that it was created shortly after the transaction. Benoit identified a disc as the "original," and the prosecutor placed it in a computer. As the prosecutor placed the original disc into the computer, he stated: "For the record, I'm breaking the seal." Benoit stated that if one were to right-click on the recording file and click on properties, this would show the date and time that the file was created. Defense counsel indicated that the computer said the file was created on May 24, 2014. Benoit maintained that the recording was actually made on October 3, 2017. It is unclear if the "original" that Benoit identified, and the prosecutor placed in the computer was one of the discs comprising State's exhibits Nos. 1 through 3 or whether it was a different disc.

¶ 13     After hearing arguments, the court denied the motion to suppress. The court stated that the items that were disclosed on January 31, 2018, satisfied the requirements of the statute. The court stated that the purpose of the statute had been satisfied even if there was a slight discrepancy regarding the 90-day time period. The court also found that there was no evidence that the recording had been edited or altered.

¶ 14     The trial resumed immediately after the court ruled on the motion to suppress, and the parties made their opening statements.

4

¶ 15    Benoit testified that on October 3, 2017, he was in an undercover role posing as a buyer of narcotics. He met defendant at a rural location to purchase drugs. He wore an audio-video recording device during the encounter. Benoit gave defendant $200, and defendant revealed multiple baggies of a substance Benoit believed was heroin. Benoit told defendant he wanted "powder," which meant cocaine. Defendant indicated that he could get cocaine for Benoit. Approximately 20 minutes later, defendant provided Benoit with cocaine, and Benoit provided defendant with the money.

¶ 16    Benoit identified State's exhibit No. 4 as the cocaine he had purchased from defendant. A forensic scientist testified that State's exhibit No. 4 contained a white substance that weighed 1.5 grams, and it tested positive for the presence of cocaine.

¶ 17    Benoit testified that, after the transaction, he downloaded the content from the audio-video recording device onto a computer and transferred it onto three DVDs. The recording was played in court. The recording showed a man, who Benoit identified as defendant, handing a baggie containing a white powdery substance to Benoit.

¶ 18    The jury found defendant guilty.

¶ 19    Defendant filed a motion for a new trial, which alleged that the video and audio recording of the purchase should have been suppressed. Defendant alleged that he was not notified of the recording within the 90-day statutory time period and that the recording was not made in such a way to protect it from editing and alteration. Defendant alleged that it appeared that the recording was made months before it was authorized because it looked as though it was summer rather than fall in the video. Defendant also alleged that the State failed to comply with the statutory requirements that the court listen to the tapes, determine whether the recording was within the overhear order, make a record of such determination to be retained with the tapes, seal the

5

recording, and keep the recording in custody where the court ordered. The motion alleged that on information and belief, the tapes were never sealed or in the custody of anyone other than the State or KAMEG.

¶ 20    During the hearing on the motion for a new trial, the court asked how defense counsel knew that the judge who issued the order had not made a determination that the recording was within the overhear order he had issued. Defense counsel stated that he had asked the State for it. The court asked defense counsel if he had filed a pretrial motion requesting it, and counsel said he had not. The court denied the motion.

¶ 21    The court sentenced defendant to a term of imprisonment of seven years and six months.

¶ 22                                II. ANALYSIS

¶ 23    Defendant argues that the circuit court erred in denying his motion to suppress because the recording of the alleged drug transaction failed to satisfy the requirements of article 108A of the Code (725 ILCS 5/108A-1 *et seq.* (West 2016)), which permits law enforcement officers to use eavesdropping devices in certain circumstances after obtaining judicial authorization. We review a circuit court's ruling on a motion to suppress evidence using a two-part standard of review. *People v. Brooks*, 2017 IL 121413, ¶ 21. The court's factual findings are reversed if they are against the manifest weight of the evidence, and the court's ultimate legal ruling as to whether suppression is warranted is subject to *de novo* review. *Id.*

¶ 24    Defendant argues that article 108A of the Code was violated in that (1) he was not given notice of the recording within 90 days of the termination of the overhear order; (2) the State failed to have the judge who issued the overhear order listen to the recording, make a determination that it was within the overhear order, seal the recording, and retain custody of the recording; and (3) the State failed to disclose the recording prior to the grand jury proceedings. Defendant contends that

6

these violations of the statute individually and cumulatively require suppression. Defendant alternatively argues that, in the event we find that any of the foregoing grounds for suppression were not preserved for appellate review, his trial counsel was ineffective for failing to properly preserve them. We address each argument in turn.

¶ 25                                          A. Notice

¶ 26        Defendant contends that the State failed to give timely notice of the overhear pursuant to section 108A-8(a) of the Code (725 ILCS 5/108A-8(a) (West 2016)). Section 108A-8(a) provides:

> "Within a reasonable time, but not later than 90 days after *** the termination of the period of an order or extension thereof, the issuing or denying judge shall cause to be served on the persons named in the order or application ***, a notice of the transaction involving any requested or completed use of an eavesdropping device which shall include:
>
> (1) notice of the entry of an order ***;
>
> (2) the date of the entry ***;
>
> (3) the period of the authorized use of any eavesdropping device; and
>
> (4) notice of whether during the period of eavesdropping devices were or were not used to overhear and record various conversations and whether or not such conversations are recorded."
>
> *Id.*

¶ 27        In the instant case, defendant received the information set forth in section 108A-8(a) on January 31, 2018—91 days after the termination of the overhear order on November 1, 2017. Thus, the State failed to strictly comply with the requirements of the statute.

7

¶ 28 However, not all violations of article 108A require suppression. *People v. Cunningham*, 2012 IL App (3d) 100013, ¶ 22. "Suppression is only required where there is a failure to satisfy any of the statutory requirements that directly and substantially implement the legislative intent to limit the use of overhears." *Id.*

> "The test is whether (1) the particular safeguard is a central safeguard in the legislative scheme to prevent abuses; (2) the purpose the particular procedure was designed to accomplish has been satisfied in spite of the error; and (3) the statutory requirement was deliberately ignored and, if so, whether the government gained a tactical advantage." *Id.*

¶ 29 Here, the State's failure to comply with the 90-day notice period did not mandate suppression. The notice was given only one day beyond the statutory 90-day period. There was no evidence that the State deliberately ignored the deadline or gained a tactical advantage through the one-day delay. The purpose of the procedure was "to make the defendant aware of the conversations overheard and enable him to make any appropriate motions to suppress the contents." *People v. Ellis*, 122 Ill. App. 3d 900, 904 (1984). See also *People v. Bradley*, 406 Ill. App. 3d 1030, 1039 (2011). This purpose was satisfied despite the brief delay. Although defense counsel did not file his motion to suppress until the day the trial was set to begin, he had ample time to review the recording and file a motion to suppress prior to trial. Defendant was notified of the overhear order over one year before the trial, and he was provided with the actual recording approximately 11 months before the trial.

¶ 30 Defendant contends that another purpose of the notice requirement in section 108A-8(a) of the Code was to prevent tampering and to preserve the integrity of the recording and asserts that there was evidence of tampering in this case. Specifically, defendant argues that there was evidence

8

that the recording was edited or altered in that: (1) the time stamp of the recording was not consistent with the purported date of the recording; (2) Benoit failed to include a header stating the date and time of the recording; (3) the disc stated that it was created on May 24, 2014, when the parties checked the date in the computer; (4) the recording was split into six different files on three different discs; (5) much of the recording was a black screen with audio, which would make it easier for audio to be edited, inserted, or removed; and (6) the weather and foliage in the recording were not typical of October, when the recording was purported to be made.

¶ 31    The case law cited by defendant in support of his position that a purpose of the notice requirement of section 108A-8(a) was to prevent tampering concerned a different section of article 108A—namely, the immediacy requirement of section 108A-7(b). See *Cunningham*, 2012 IL App (3d) 100013, ¶ 26; *People v. Seehausen*, 193 Ill. App. 3d 754, 764 (1990). This authority does not stand for the proposition that a purpose of all sections of article 108A is to prevent editing or tampering.

¶ 32    However, even if we were to accept defendant's position that a purpose of the notice requirement of section 108A-8(a) was to prevent editing or tampering, the circuit court expressly found that there was no evidence that the recording was altered or edited. This finding was supported by the evidence at the suppression hearing. Benoit testified that the recording was created on October 3, 2017, and that it had not been altered or modified in any way. Benoit acknowledged that the screen went black several times on the recording. He explained that he placed the recording device in his pocket several times during the transaction, and the screen went black during the times the device was in his pocket. The time stamp showed a different date than the date of the transaction because every time the battery on the device ran out, it reset to a default

9

date and time. The recording was contained on multiple discs because when Benoit transferred the recording onto the DVDs, he inserted a new disc whenever the computer prompted him to.

¶ 33    In finding that there was no evidence that the recording had been altered or edited, the court implicitly found Benoit's testimony to be credible, and we defer to the court's credibility determination. See *People v. Veal*, 2017 IL App (1st) 150500, ¶ 10 ("The trial court's factual findings are entitled to deference, given that the trial court is in a superior position to weigh the credibility of witnesses ***.").

¶ 34                              B. Judicial Determination

¶ 35    Defendant argues that the State failed to comply with section 108A-7(b) of the Code (725 ILCS 5/108A-7(b) (West 2016)), which provides:

> "Immediately after the expiration of the period of the order, *** all such recordings shall be made available to the judge issuing the order ***.
>
> The judge shall listen to the tapes, determine if the conversations thereon are within his order ***, and make a record of such determination to be retained with the tapes.
>
> The recordings shall be sealed under the instructions of the judge and custody shall be where he orders. ***
>
> Duplicate recordings may be made for any use or disclosure authorized by this Article. The presence of the seal provided for in this Section or a satisfactory explanation for the absence thereof shall be a prerequisite for the use or disclosure of the contents of the recordings or any evidence derived therefrom."

¶ 36 Defendant argues that the State failed to comply with section 108A-7(b) by failing to have the judge who issued the overhear order listen to the recording, determine if the conversation was within his order, make a record of his determination to be retained with the recording, seal the recording, and hold the recording in the custody of the court.

¶ 37 While defendant raised this ground for suppression in his motion for a new trial, he failed to raise it in his motion to suppress. Accordingly, defendant has forfeited this claim. *People v. Blankenship*, 353 Ill. App. 3d 322, 324 (2004) ("A defendant may not argue on appeal that a motion to suppress should have been granted for reasons not specified in the motion and not argued in the trial court.").

¶ 38 Defendant argues that, in the event we find his claim to be forfeited, we may consider it as a claim that his trial counsel provided ineffective assistance in failing to preserve the issue for appellate review. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Domagala*, 2013 IL 113688, ¶ 36. That is, "a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

¶ 39 The record in the instant case is not sufficiently developed to determine whether defendant's trial counsel provided ineffective assistance in failing to preserve this issue. Because defendant did not raise this issue in his motion to suppress or object to the admission of the recording at trial on this basis, the record on appeal contains no evidence as to whether the State complied with section 108A-7.

11

¶ 40　　　　For example, defendant asserts that the fact that the record does not contain a judicial determination that the recording was within the court's order along with State's exhibits Nos. 1 through 3 shows that no judicial determination was made. However, it is unclear whether State's exhibits Nos. 1 through 3 were the original discs kept in KAMEG's evidence vault or whether they were copies made for the trial. See *supra* ¶ 12. Because the issue was not properly raised and developed in the circuit court, we cannot infer from the lack of evidence of a judicial determination in the appellate record that no such determination was made.

¶ 41　　　　Also, defendant correctly notes that neither Benoit nor Reedy testified at the suppression hearing that the recording of the overhear was presented to the court after it was made. However, this was not at issue at the suppression hearing and neither party questioned Benoit or Reedy about presenting the recording to the court. Accordingly, we cannot infer from the lack of testimony on this matter that the recording was not presented to the court for a judicial determination.

¶ 42　　　　Defendant also asserts that no court order to seal the recording was ever filed. However, such an order may have been entered prior to the filing of charges in the instant case, in which case it would not have necessarily been filed in the court file for the instant case. Because defendant did not properly raise this ground for suppression in the circuit court, we cannot infer from the absence of an order to seal the recording in the appellate record that the recording was not sealed. We note that, at one point during the suppression hearing, the State indicated that it was breaking a seal on one of the original discs. However, the record does not show whether the discs were sealed by the court, KAMEG, or some other entity.

¶ 43　　　　Defendant also contends that section 108A-7 required the court to retain the original recording in its custody. Defendant argues that the State failed to comply with this requirement because Benoit testified that the original recording was kept in KAMEG's evidence vault, and the

12

State was in possession of the original recording at the hearing on the motion to suppress. However, Benoit's testimony did not necessarily demonstrate lack of compliance with the statute. Section 108A-7 required that the recording be kept in custody where the circuit court orders, not necessarily in the circuit court's own custody. The record is not sufficiently developed to determine where the court ordered custody of the recording to be held or if the court even made an order concerning the custody of the recording.

¶ 44     Thus, we find that the record is not sufficiently developed to determine whether the State complied with section 108A-7(b) of the Code. As such, we can make no determination as to whether counsel performed deficiently in failing to raise this issue or whether defendant was prejudiced by counsel's failure to preserve the issue. We do not foreclose defendant from later raising this claim of ineffective assistance of counsel in a postconviction petition, where defendant would have the opportunity to present additional evidence.

¶ 45     C. Failure to Disclose Prior to Grand Jury Proceedings

¶ 46     Defendant argues that the State failed to comply with section 108A-8(c) of the Code, which provides:

> "The contents of any recorded conversation or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other judicial or administrative proceeding unless each party not less than 10 days before such a proceeding has been furnished with a copy of the court order and accompanying application under which the recording was authorized or approved and has had an opportunity to examine the portion of the tapes to be introduced or relied upon." 725 ILCS 5/108A-8(c) (West 2016).

13

¶ 47        Defendant argues that the State failed to comply with section 108A-8(c) because it failed to turn over the overhear order, application, and recording prior to the grand jury proceeding on November 13, 2017. Defendant asserts that the grand jury proceeding was a judicial proceeding such that the requirements of section 108A-8(c) applied. Defendant contends that it would have been necessary for the State to disclose the contents of the recorded conversation at the grand jury proceeding because the entirety of the alleged offense was contained on the recording. Defendant alternatively argues that his trial counsel was ineffective for failing to raise this issue.

¶ 48        Defendant has forfeited his argument that the State failed to comply with section 108A-8(c), as he did not raise it in his motion to suppress, a trial objection, or his posttrial motion. See *People v. Woods*, 214 Ill. 2d 455, 470 (2005).

¶ 49        Defendant has also forfeited his argument that his trial counsel was ineffective for failing to raise this argument, as he has cited no authority for the proposition that a grand jury proceeding is a "judicial proceeding" within the meaning of section 108A-8(c). See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). "This court is not a repository into which the parties may foist the burden of argument and research." *People v. Thomas*, 2020 IL App (1st) 170310, ¶ 28.

¶ 50                                    D. Cumulative Error

¶ 51        We reject defendant's argument that the cumulative effect of the asserted errors warranted suppression. We have found that defendant's claim that the State failed to comply with the notice requirement of section 108A-8(a) of the Code did not individually warrant suppression, and defendant has not shown any further violations of article 108A. The alleged violations of sections 108A-7(b) and 108A-8(c) were forfeited. The record is not sufficiently developed whether error occurred regarding the alleged violation of section 108A-7(b). Defendant has not shown that the State was required to comply with section 108A-8(c) prior to the grand jury proceeding, as he

14

failed to cite authority to support the proposition that a grand jury proceeding is a "judicial proceeding" within the meaning of the statute.

¶ 52    Finally, we note that defendant asserts on appeal that his trial counsel made "several veritable challenges to the integrity of the recording." Defendant argues that the provisions of article 108A were meant to prevent tampering and that this purpose was not accomplished despite the multiple alleged violations of article 108A he raised on appeal. It is unclear if defendant is also arguing on appeal, as he did in the circuit court, that the alleged altering or editing of the recording was an independent basis for suppression. To the extent that defendant is arguing that the recording should have been suppressed because it was edited or altered, we reject this argument for the reasons previously discussed. See *supra* ¶¶ 32-33.

¶ 53                                   III. CONCLUSION

¶ 54    For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 55    Affirmed.