2021 IL App (2d) 181045-U
No. 2-18-1045
Order filed May 21, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-2395 |
| SHERRIEANN REMSIK-MILLER, | ) ) | Honorable T. Clint Hull III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Postconviction counsel provided the reasonable level of assistance required by Rule 651(c) in reframing defendant's *pro se* challenge to the reliability of conversations recorded during one-party-consent eavesdropping.  Further, counsel did reasonably develop an argument, supported by appropriate authority, that trial counsel was ineffective for failing to seek suppression of the recorded conversations.

¶ 2   At issue in this appeal is whether the petition filed by defendant, Sherrieann Remsik-Miller,

was properly dismissed at the second stage of postconviction proceedings.  More specifically, we

consider whether defendant rebutted the presumption that appointed counsel, who filed a

certificate per Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), provided reasonable

assistance. We determine that, even though counsel's amended petition may have been lacking in some respects, any failings in the petition did not rebut the presumption that counsel provided reasonable assistance. Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      This case was previously before us on appeal twice. See *People v. Remsik-Miller*, 2012 IL App (2d) 100921; *People v. Remsik-Miller*, 2013 IL App (2d) 120580-U. We repeat as much of the background from our prior dispositions as is necessary to resolve the issues in this current appeal.

¶ 5      In the summer of 2008, defendant wanted to have her husband killed and collect on her husband's life insurance policy before the parties' divorce was finalized. She subsequently spoke to Timothy Youngberg, a man defendant met while volunteering at a PADS shelter, and she told him that she wanted her husband dead. Youngberg contacted the police about defendant's overture and consented to have his conversations with defendant recorded. The police then obtained an overhear authorization pursuant to Article 108A of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/108A-1 *et seq.* (West 2008)).

¶ 6      Youngberg was fitted with a recording device, and three conversations Youngberg had with defendant were recorded. During these conversations, defendant told Youngberg, among other things, how she wanted her husband killed, how much money she was willing to pay to have her husband killed, where her husband could be killed, and when the murder could take place.

¶ 7      Following a bench trial, where the trial court found the recorded conversations overwhelmingly persuasive, defendant was convicted of solicitation of murder for hire (720 ILCS 5/8-1.2(a) (West 2008)), and she was sentenced to 22 years' imprisonment. She appealed, arguing that, under *People v. Krankel*, 102 Ill. 2d 181 (1984), the trial court should have inquired about a

claim of ineffective assistance of trial counsel that she raised during the proceedings. We agreed and remanded the case for that limited purpose. *Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 19.

¶ 8 On remand, the trial court determined that trial counsel was not ineffective. Defendant appealed, arguing that new counsel should have been appointed to represent her on her ineffective assistance of counsel claim. We disagreed and affirmed. *Remsik-Miller*, 2013 IL App (2d) 120580-U, ¶ 30.

¶ 9 Thereafter, defendant petitioned *pro se* for postconviction relief. She alleged, among other things, that trial counsel was ineffective for "neglect[ing] to file a *motion to quash grand jury indictment* due to the fact that it was obtained using false information and/or fabrications sold to the State by Mr. Youngberg." (Emphasis added.) She also complained that trial counsel never interviewed or investigated Youngberg and that, if he had, he would have learned that Youngberg was not a reliable informant.

¶ 10 Defendant's petition advanced to the second stage of postconviction proceedings, counsel was appointed to represent defendant, and appointed counsel filed a Rule 651(c) certificate and an amended petition. The Rule 651(c) certificate indicated that counsel consulted with defendant in person and by mail and telephone, examined the report of proceedings and trial court file, and made any necessary amendments to "the *pro se* successive [*sic*] post-conviction petition" to adequately present defendant's contentions.

¶ 11 In the amended petition, counsel argued that trial counsel was ineffective for failing to file *a motion to suppress the evidence* obtained from the recorded conversations between defendant and Youngberg. Counsel argued that both the application and the order authorizing the use of the eavesdropping device were defective, because: (1) neither strictly complied with the statute;

(2) more specifically, neither cited the statute authorizing the use of the eavesdropping device; and (3) the applications and supporting affidavits did not establish probable cause.

¶ 12   In support of the strict compliance argument, counsel cited to *People v. Allard*, 2018 IL App (2d) 160927, ¶¶ 46-47, as well as various parts of article 108B of the Code (725 ILCS 5/108B-1 *et seq*. (West 2018)), on which *Allard* relied.  She also cited to *People v. Bockman*, 328 Ill. App. 3d 384, 388 (2002).  Counsel quoted from *Bockman*: "Because Illinois citizens are entitled to be safeguarded from unnecessary governmental surveillance and other unreasonable intrustions into their privacy, the statutory restraints on eavesdropping must be strictly construed with respect to all requests and consents for the authority to use an eavesdropping device."  *Id*.  Counsel noted that, in *Bockman* and in the instant case, one party consented to the use of the eavesdropping device.

¶ 13   As to the need to cite the authorizing statute, counsel again cited to *Allard*, 2018 IL App (2d) 160927, ¶17.  In *Allard*, the trial court granted the motion to suppress evidence obtained in a wiretap, primarily because the *assistant* state's attorney, as opposed to the state's attorney, was not authorized to submit the application.  *Id.*  However, the trial court also noted with disapproval that "none of the applications cited a statute that authorized the application."  *Id.*  The appellate court affirmed the suppression, albeit on the basis that the assistant state's attorney lacked authority to submit the application.  *Id*.  ¶¶ 35-39.

¶ 14   Finally, in arguing that there was no probable cause, counsel asserted that the evidence indicated that (1) Youngberg initiated contact with defendant, (2) Youngberg initiated each conversation with defendant, (3) the police failed to investigate Youngberg's claims that defendant approached him about killing her husband, and (4) the police determined that Youngberg was a reliable informant even though no evidence indicated that Youngberg had previously served as a

police informant. Counsel argued that a proper investigation would have reflected negatively on Youngberg's reliability and positively on defendant's. Specifically, a proper investigation would have revealed that (1) Youngberg had an extensive criminal history, (2) defendant had no criminal history, (3) defendant spent time volunteering, (4) defendant worked with hospice, (5) defendant's divorce was not initiated until after she was arrested, and (6) the face values of defendant's husband's life insurance policies were far less than what Youngberg claimed she told him.

¶ 15   At the conclusion of the amended petition, counsel asserted "that [Defendant] *** received ineffective assistance of counsel during pre-trial proceedings, during post-trial proceedings, and at the appellate level." Attached to the amended petition was the petition for use of an eavesdropping device; the order authorizing use of an eavesdropping device; and a document, which Youngberg signed, titled "Consenting by Party to Conversation to be Subject to Electronic Surveillance by Use of an Eavesdropping Device."

¶ 16   The State moved to dismiss the amended petition, arguing, among other things, that defendant's claim that trial counsel was ineffective for failing to file a motion to suppress the recorded conversations was forfeited, as defendant failed to raise the claim in the initial appeal, on remand, or in the second appeal. The State did not address counsel's argument that the application and authorizing order were defective for failure to cite to the statute authorizing the use of the eavesdropping device, which would have been article 108A of the Code (725 ILCS 5/108A-1 *et seq*. (West 2008)). Rather, it faulted counsel for relying upon the companion statute to article 108A of the Code, *i.e.*, article 108B of the Code (*id.* § 108B-1 *et seq.*). Article 108A of the Code governs authorizations for use of an eavesdropping device that are obtained with only one party's consent, while article 108B of the Code governs electronic criminal surveillance. Similarly, the State argued that counsel's discussion of *Allard* was inapposite, as *Allard* was an article 108B case.

¶ 17 At the hearing on the State's motion to dismiss, counsel argued that the claim was not forfeited, because appellate counsel was ineffective for failing to raise trial counsel's effectiveness. Counsel also responded to the State's claim that she "pointed to the wrong statutory section," noting that that was "[n]ot exactly" true. Counsel asserted that she cited *Allard*, which relied on article 108B of the Code, because *Allard* was a new case addressing strict compliance with the laws governing the authorized use of an eavesdropping device. Counsel argued, as she did in the amended petition, that strict compliance was not had here. Counsel noted, for example, that part of that strict compliance includes citing the provision under which the petition for an eavesdropping device was sought, which the petition here failed to do. Further, counsel discussed her probable cause argument at length, reiterating that an investigation into what Youngberg told the police would have raised doubts about Youngberg's reliability. She concluded: "[N]one of the facts supporting the—the application for an overhear—none of it was supported." The trial court responded: "I understand your argument."

¶ 18 The trial court dismissed defendant's amended petition. It explained:

> "[T]he record establishes that the Kane County State's Attorney's Office complied with each of the statutory requirement[s] when making the application for the Overhear. *Each provision outlined in 725 ILCS 5/108A-3, A-4, and A-5 was met*. There were no legal grounds to file [a] challenge [to] the Eavesdropping Application and there is no probability that the Motion to Suppress the Eavesdropping Device would have been granted. The [defendant's] reliance on 725 ILCS 5/108B is misplaced since the application was over [*sic*] a Court authorized overhear and not electronic surveillance." (Emphasis added.)

¶ 19 This timely appeal followed.

¶ 20                          II. ANALYSIS

¶ 21    At issue in this appeal is whether the second-stage dismissal of defendant's amended petition was proper. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process for adjudicating postconviction petitions. *People v. Cage*, 2013 IL App (2d) 111264, ¶ 9. If a petition survives summary dismissal at the first stage, "it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition." *People v. Thomas*, 2013 IL App (2d) 120646, ¶ 5. This appeal concerns a dismissal at the second stage.

¶ 22    On appeal, defendant challenges the assistance she received from postconviction counsel. Appointment of counsel at the second stage is a statutory right, not a constitutional one. 725 ILCS 5/122-4 (West 2018); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). That statutory right entitles the defendant to a reasonable level of assistance from postconviction counsel. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. To ensure this level of assistance is provided, Rule 651(c) imposes three duties on appointed counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Specifically, counsel must (1) consult with the defendant to ascertain his or her contentions of constitutional deprivations; (2) examine the record of the trial proceedings; and (3) make any amendments to the filed *pro se* petition that are necessary to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Perkins*, 229 Ill. 2d at 42. In this case, only the third requirement is at issue.

¶ 23    Here, appointed counsel filed a Rule 651(c) certificate indicating that she complied with the three duties delineated in Rule 651(c). "The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance." *People v. Miller*, 2017 IL App (3d) 140977, ¶ 47. The defendant may overcome that presumption "by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule

651(c)." *Id.* The remedy for counsel's failure to provide the reasonable level of assistance required by Rule 651(c) is to reverse the dismissal of the petition and remand for compliance with the rule. *Suarez*, 224 Ill. 2d at 47, 52. We review *de novo* whether counsel provided the reasonable level of assistance required by Rule 651(c). *People v. Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 24    We recognize that, in her Rule 651(c) certificate, counsel incorrectly referred to defendant's *pro se* petition as a "successive" postconviction petition. However, a labeling error of this type does not mean that counsel is not entitled to the rebuttable presumption that she provided reasonable assistance. See, *e.g.*, *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 14 (counsel incorrectly captioned her certificate a "Rule 604(d)" certificate as opposed to Rule 651(c) certificate). In any event, counsel did not title the amended petition itself as "successive."

¶ 25    Having established that counsel in this case is entitled to a rebuttable presumption that she provided reasonable assistance, we next address whether counsel adequately presented defendant's constitutional contentions. The Act contemplates that counsel will shape defendant's *pro se* contentions into the "appropriate legal form" such that they may be presented to the court. See *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). "Appropriate legal form" means meeting the necessary pleading requirements. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). This includes laying out the essential elements of the defendant's claims, pleading appellate counsel's ineffectiveness when appellate counsel failed to raise a claim of trial counsel's ineffectiveness, and providing evidentiary support for the defendant's claims. *Id.* at 414.

¶ 26    Defendant argues that "[r]easonable post-conviction counsel would have argued that there was no 'reasonable cause' to support the eavesdropping order in [defendant's] case because the application was based on Youngberg's unreliable and unverified statements[.]" Defendant further argues that counsel failed to comply with Rule 651(c) when counsel filed a "new claim"

challenging the recorded conversations and (1) cited the wrong statute; (2) relied on inapplicable case law; (3) failed to identify the statutory deficiencies in the petition for use of an eavesdropping device and the legal grounds for challenging the petition; and (4) failed to avoid procedural default by not arguing that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness.

¶ 27 We cannot conclude that counsel failed to shape defendant's contentions into appropriate legal form. Defendant claims that counsel raised a "new claim" in the amended petition, but it is more accurate to say that counsel reframed defendant's *pro se* "motion to quash grand jury indictment" based on the unreliability of the recorded conversations. Counsel argued that trial counsel should have filed a motion to suppress the evidence obtained from the overhear tapes, because the requirements for obtaining overhear authorization were not complied with. Specifically, counsel argued that the applications and supporting affidavits did not establish probable cause. Article 108A-4(b) provides that the authorizing judge must find that there is "reasonable cause" for believing that the individual is about to commit a felony. 725 ILCS 5/108A-4(b) (West 2008). As defendant readily acknowledges, "reasonable cause" as used in the eavesdropping statute is synonymous with "probable cause." See *People v. White*, 209 Ill. App. 3d 844, 876 (1991).

¶ 28 Here, at the hearing on the State's motion to dismiss, counsel and the trial court engaged in a lengthy discussion regarding whether the record, including the application, supported the trial court's finding of "probable cause." The court asked counsel numerous questions, and, in the end, the court stated: "I understand your argument." In its ruling, the court expressly noted that the requirements of article 108A-4, which addressed reasonable cause, had been met. As such, we

believe the gravamen of defendant's argument, *i.e.*, that trial counsel should have filed a motion to suppress based on a lack of reasonable cause, was adequately presented to the court.

¶ 29    We acknowledge that, in *Turner*, the court held that postconviction counsel could not overcome omissions in the *pro se* postconviction petition by raising the necessary elements of defendant's claim at the hearing on the State's motion to dismiss.  *Turner*, 187 Ill. 2d at 413. However, in *Turner*, postconviction counsel *did not file* an amended petition.  *Id.* at 409.  As such, the facts in *Turner* stand in stark contrast to those here, where, as discussed, counsel shaped defendant's *pro se* claim that trial counsel should have filed a "motion to quash indictment" into a claim that trial counsel should have filed a motion to suppress.  Indeed, we note that counsel here filed an extensive 18-page amended post-conviction petition that not only raised technical deficiencies in the 108A application process, but cogently argued, *inter alia,* Youngberg's credibility issues and trial counsel's failure to explore the same and file a related motion to suppress.  This, in conjunction with counsel's clarifications and on-point discussion at the hearing, adequately presented defendant's claim.

¶ 30    We next address defendant's remaining contentions of error.  Counsel's citation to *Allard*, which concerned article 108B and not article 108A of the Code, did not render her assistance unreasonable.  Counsel explained that she cited to *Allard* because *Allard* was a recent case from this court that expressed that strict compliance with the overhear authorization laws is required. Counsel was well aware of the fact that the petition for use of an eavesdropping device was based on Youngberg's consent to having his conversations with defendant recorded.  Indeed, not only did counsel cite *Bockman,* a case under article 108B of the Code that was factually similar in that the request for use of an eavesdropping device was based on the consent of one of the parties to a conversation, but counsel also attached to the amended petition the document reflecting

Youngberg's consent. Moreover, counsel asserted that the petition for use of an eavesdropping device was defective precisely because it failed to cite under what statutory authority the petition should be granted.

¶ 31 Finally, defendant alleges counsel inadequately responded to the State's argument that her claims were forfeited where they were not raised on appeal. In the amended post-conviction petition, counsel asserted, generally, that appellate counsel was ineffective for failing to raise the alleged claims on direct appeal. The State argued in its motion to dismiss that the claims were forfeited because they could have been raised on direct appeal. Instead of arguing that forfeiture would be inappropriate because the evidence in support of the motion to suppress was *dehors* the record, counsel again argued ineffective assistance of appellate counsel. Contrary to defendant's position, however, we note that the evidence presented at trial revealed, at a minimum, that Youngberg's reliability was questionable to a degree that appellate counsel might have argued his statements did not support reasonable grounds for the issuance of the section 108A order. Regardless, we further note that the trial court's decision to dismiss the instant amended post-conviction petition was in no way premised on forfeiture, but rather upon consideration of the evidence and arguments marshalled in support of the petition.

¶ 32 Given the above, we conclude that counsel shaped defendant's claims into appropriate legal form. Thus, we conclude that defendant did not rebut the presumption that postconviction counsel provided defendant with reasonable assistance.

¶ 33                                  III. CONCLUSION

¶ 34 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 35 Affirmed.